**154**

**STATE of Delaware, Appellant,**

v.

**Stanley JOSWICK and Mercy D. Thomas, Appellees.**

Supreme Court of Delaware.

June 9, 1967.

Richard G. Elliott, Jr., Deputy Atty. Gen., Wilmington, for appellant.

Victor F. Battaglia, of Theisen & Lank, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The question presented for decision on this appeal is whether a charge of "operating" a motor vehicle while under the influence of intoxicating liquor properly charges a violation of 21 Del.C. § 4176, which prohibits "driving" a motor vehicle while under the influence of intoxicating liquor.

In 1966, each defendant was convicted before a Justice of the Peace of violation of § 4176, upon his plea of guilty to the charge of "operating" a motor vehicle while under the influence of intoxicating liquor. On certiorari, the convictions were reversed by the Superior Court on the ground that the defendants were not charged with an offense under § 4176. See 1 Woolley on Delaware Practice, § 920. The State appeals.

In McDuell v. State, Del., 231 A.2d 265, decided today we have held that the term "driving", as used in § 4176, requires that the vehicle must be in motion in order for an offense thereunder to be committed; that "operating" a motor vehicle may, but does not necessarily include "driving".

It follows that the charge of "operating" does not necessarily charge a crime under § 4176. A charge of crime may not be equivocal. The defendants are entitled to be fully, clearly, and correctly apprised of the charges brought against them, without the ambiguity resulting from continued use of the terminology of the repealed 21 Del.C. § 4111.

Accordingly, the judgment of the Superior Court is affirmed.