Opinion by
 

 Hannum, J.,
 

 This is an appeal from the judgment of sentence of the Court of Quarter Sessions of Bucks County after defendant was found guilty of a violation of Section 1037 of The Vehicle Code (Act of 1959, April 29, P. L. 58, Sec. 1037, 75 P.S. Sec. 1037), by operating a motor vehicle while under the influence of intoxicating liquor.
 

 The case was tried in the court below on November 30, 1966, by the Honorable Lawrence A. Monroe, sitting without a jury pursuant to an agreement between the parties.
 

 The trial judge and court below found the following facts to exist:
 

 On the night of February 5, 1966, the defendant and John Gillespie were returning to their homes by automobile from a business trip along the Upper Delaware River. While Mr. Gillespie was driving, and the
 
 *506
 
 defendant was occupying the front right-hand passenger seat, at about 11 p.m., on Eoute 202, in Sole-bury Township, Bucks County, the car became embedded and stuck in a snow bank, “hopelessly hung up”, as Mr. Gillespie described its predicament, on the shoulder of the highway, the left rear wheel against the. edge of the main traveled surface of the highway. Mr. Gillespie went in search of aid, leaving the defendant in the car and the engine running to keep the interior warm.
 

 At 12:25 a.m. of February 6, 1966, Officer Mangan of the Solebury Township Police Department came upon the scene. The car was still embedded in the snowbank on the shoulder of the road. Defendant, who was then under the influence of intoxicating liquor to such an extent that he was unfit to operate a motor vehicle, was seated in the driver’s seat of the car behind the steering wheel. The car engine was running, the car was in gear, the rear wheels were spinning, the left wheel spinning against the main traveled portion of the highway. The defendant was, he admitted to the police officer, trying to back the car onto the road. Four or five people at the same time were trying to push the car onto the road. The car was so firmly embedded in the snow that it was impossible for its operating mechanisms to remove it therefrom or move it therein.
 

 At the conclusion of the hearing, the trial judge found the defendant guilty under Section 1037 of The Vehicle Code. Defendant filed motions in arrest of judgment and for a new trial, which were denied by the court en banc. Sentence was imposed on May 19, 1967, and this appeal followed.
 

 The narrow question for decision is whether the defendant, who was admittedly under the influence of intoxicating liquor, and who was attempting to extri
 
 *507
 
 cate his automobile from a snowbank, where it was hopelessly hung up, and impossible to move, is guilty of violating Section 1037 of The Vehicle Code (Act of April 29, 1959, P. L. 58, 75 P.S. 1037).
 

 Section 1037 reads as follows:
 

 “It shall be unlawful for any person to operate a motor vehicle, tractor, streetcar or trackless trolley omnibus, while under the influence of intoxicating liquor or any narcotic drug or habit-producing drug, or permit any person who may be under the influence of intoxicating liquor or narcotic or habit-producing drug, to operate any motor vehicle or tractor owned by him or in his custody or control.”
 

 Since it is admitted that the defendant was under the influence of intoxicating liquor and that the automobile was on the shoulder of the highway, the only question remaining is whether he was operating his motor vehicle under the facts as found by the trial judge. Judge Monroe found that the defendant was seated in the driver’s seat of the car behind the steering wheel, that the car engine was running, the car was in gear, the rear wheels were spinning and the left wheel was spinning against the main portion of the highway. To be more specific, the issue is whether or not it is necessary that the automobile be in motion.
 

 The parties agree that there are no appellate decisions in the Commonwealth which determine this issue. Likewise, cases in other jurisdictions, many of which are collected in an annotation in 47 A.L.R. 2d 570, are not in harmony and decisions can be found on either side of the question. However, many of them turn upon the language of their respective Vehicle Codes and we shall not attempt to analyze them.
 

 We agree with the reasoning of the court below that it is not necessary that the vehicle itself must be in motion but that it is sufficient if the operator
 
 *508
 
 is in actual physical control of the movements of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself.
 

 There is no doubt, in the present case, that the engine was running and that the car was in gear and thus the defendant was in actual physical control of the machinery of the vehicle. It was through no fault of his that the vehicle itself was not also in motion and had he succeeded in his efforts, the public safety, which the Act was intended to protect, could have been seriously jeopardized.
 

 It follows that the defendant was properly convicted of violating Section 1037 of The Vehicle Code.
 

 Judgment of sentence affirmed.