**Commonwealth v. Lebo**

*Gary E. Hartman, District Attorney,* for Commonwealth.

*Larry Wolfe,* for defendant.

SPICER, *P.J.,* December 15, 1980—Defendant was charged with violating the Vehicle Code, 75 Pa.C.S.A. §3731(a)(1), driving while under the influence of alcohol, as a result of an incident occuring March 29, 1980 in Hamilton Township, Adams County, Pa. After a jury returned with a verdict of guilty, defendant filed and has argued post-verdict motions.

Defendant contends the evidence is insufficient to convict him. It is true the Commonwealth's case was entirely circumstantial but this is not fatal: Com. v. Harper, 485 Pa. 572, 403 A. 2d 536 (1979). Defendant was found seated behind the wheel of a car on the side of a rural country road. The lights were on, the motor was running, the bumper was resting against a bank of dirt and the rear wheel was spinning. There was nobody else at the scene. The police did not witness the car being in motion nor did anyone else. There was proof of intoxication.

The court instructed the jury it could not find defendant guilty unless it found that defendant drove the car, that is, while in actual physical control of the car, put it into motion.

Defendant argues that the decision in Com. v. Brown, 268 Pa. Superior Ct. 206, 407 A. 2d 1318 (1979), requires direct proof that the car was in motion at the time in question. He also argues that the car, when viewed by the police, was not in a

position wherein it could be subject to the Vehicle Code, supra.

The decision in Brown, supra, reversed a conviction based upon a jury instruction that the jury need find only that the defendant was in actual physical control of the vehicle. We do not read Brown as eliminating proof of movement by circumstantial evidence.

The court instructed the jury that circumstantial evidence could be sufficient to convict only if it proved beyond a reasonable doubt (1) that defendant drove on a highway or trafficway in Adams County and (2) at the time he drove he was under the influence. We feel the instruction clearly and properly defined the issues for the jury and correctly stated the law.

Although defendant did not move to quash the information, he has argued that the information was defective because it used the word "operate" and not "drive." We find this argument somewhat irrelevant because (1) defendant has waived the right to move to quash (Com. v. Williams, 252 Pa. Superior Ct. 587, 384 A. 2d 935 (1978)), and (2) the verdict was entered on the basis of an instruction requiring a finding that defendant had driven the car. The elements of the offense were properly defined to the jury. Also, we can find no prejudice or defect. For example, it was recently said: "[2] To establish that appellant was guilty of driving under the influence of liquor, the Commonwealth had to prove (1) that he was operating a motor vehicle (2) while under the influence of liquor." Com. v. Arizini, _____ Pa. Superior Ct. _____, 419 A. 2d 643, 648 (1980).

Defendant further contends that the court erred by not declaring a mistrial when the district attor-

ney, in the course of final argument, told the jury they could consider the fact there was an accident. Defense counsel argued this was prejudicial because there had been no proof of an accident.

No motion for a mistrial was made and that issue is not preserved. The issue is whether the court should have given curative instructions.

The district attorney's argument was fairly based upon the evidence presented in the case.

One reasonable inference that could be drawn from the position and condition of the car as described by the police was that there had been an accident.

The court finds defendant's arguments without merit and the evidence sufficient to sustain the verdict.

## ORDER

And now, December 15, 1980, defendant's post-verdict motions are overruled and he is directed to report for sentencing January 22, 1981, at 9:00 a.m. The Probation Office is directed to obtain an evaluation from the Drug and Alcohol Council of Adams County prior to the time fixed for sentencing.