431 A.2d 1043

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John A. MATSINGER.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed June 26, 1981.

Petition for Allowance of Appeal Denied Sept. 28, 1981.

---

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellant.

Richard B. Perlman, Norristown, for appellee.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

The Commonwealth contends that the lower court erred in sustaining appellee's demurrer because the evidence was sufficient to warrant an inference that appellee had been driving while his license was suspended and while he was under the influence of alcohol. We agree and, accordingly, reverse the order of the lower court and remand for further proceedings.

It is well settled that the Commonwealth may appeal from an order sustaining a demurrer in a criminal case because the only question presented is one of law. *See, e.g., Commonwealth v. Wimberly*, 488 Pa. 169, 171, 411 A.2d 1193, 1194 (1979); *Commonwealth, Department of Environmental Resources v. Lee Bowman Asphalt, Inc.*, 54 Pa.Cmwlth. 71, 74, 420 A.2d 23, 25 (1980). "The test in determining the validity of a demurrer is whether the evidence of record and inferences reasonably drawn therefrom support a verdict of guilty." *Commonwealth v. Mason*, 211 Pa.Super. 328, 329–30, 236 A.2d 548, 549 (1967) (citations omitted). *See also*

*Commonwealth v. Carroll*, 443 Pa. 518, 526, 278 A.2d 898, 902 (1971). "In making such determination, we must read the evidence in the light most favorable to the Commonwealth's case." *Commonwealth v. Green*, 210 Pa.Super. 482, 484, 233 A.2d 921, 922 (1967) (citation omitted). *See also In the Interest of Gonzales*, 266 Pa.Super. 468, 469, 405 A.2d 529, 530 (1979). So viewed, the facts may be stated as follows.

On July 1, 1979, at approximately 3:30 a. m., Officer Andrew Curtis of the Franconia Township Police Department responded to a radio call and found two vans blocking a portion of Pennsylvania Route 113. A white van was parked facing south in the southbound lane, and appellee's green van was parked facing south in the northbound lane. A woman who was standing next to the driver's window of appellee's van told Officer Curtis that the driver appeared to be unconscious. After the woman departed in the white van, Officer Curtis approached appellee's van, and saw appellee sitting in the driver's seat and leaning against the door. He noticed also that the engine was running, the transmission was in gear, and the headlights were on. After an unsuccessful attempt to arouse appellee, Officer Curtis turned off the ignition and placed the transmission in neutral, whereupon he smelled a strong odor of alcohol about appellee's person. Officer Curtis and another policeman again attempted to awaken appellee, who responded with obscenities and refused to alight from his van. The officers then removed appellee from the van and placed him in the rear of Officer Curtis' patrol car. A breathalyzer test performed shortly after the arrest revealed that appellee had a blood-alcohol content of .19 percent. Subsequently, Officer Curtis discovered that appellee's driver's license had been suspended.

Appellee was charged with driving a vehicle while his operating privilege was suspended, 75 Pa.C.S.A. § 1543(a),[1]

---

1. Section 1543(a) of the Motor Vehicle Code provides: "Offense defined.—Any person who *drives* a motor vehicle on any highway of this Commonwealth at a time when the operating privilege is suspended, revoked or recalled is guilty of a summary offense . . . ." (Emphasis added.)

and while under the influence of alcohol, *id.* § 3731(a)(1).[2] At trial, Officer Curtis related the foregoing facts and opined that appellee was intoxicated. At the conclusion of the Commonwealth's evidence, appellee demurred on the ground that the Commonwealth had failed to establish that appellee's van had been in motion, an essential element of both offenses with which he had been charged. The lower court agreed and, accordingly, ordered appellee discharged.

In sustaining appellee's demurrer the lower court reasoned that the legislature, in enacting the current Motor Vehicle Code, "altered the elements of conduct which constitute offenses under [sections 1543 and 3731] by replacing the word 'operate' with the word 'drive,' " opinion of the Lower Court at 5, and thereby required the Commonwealth to present *direct* evidence that the vehicle was in motion at the time of the offenses charged, *id.* at 9–11. The lower court relied upon *Commonwealth v. Brown,* 268 Pa.Super. 206, 407 A.2d 1318 (1979), in which this Court, faced with comparable facts, held that the legislature had intended to restrict the range of conduct violative of section 3731 when it substituted the word "drive" for the word "operate." *Id.,* 268 Pa.Super. at 208, 407 A.2d at 1319. In *Brown,* the lower court had equated the term "driving" with "operating" in instructing the jury on the elements of driving while under the influence of alcohol. *Id.* Finding the instruction to be incorrect, this Court stated:

> [T]he trial court's instruction to the jury that the vehicle need not be in motion was error. In order to prove that a defendant charged with a violation of section 3731 "drove" a motor vehicle, evidence must be adduced that the vehicle was (at the time in question), in fact, *in motion.* The jury in this case, under the instructions actually given by the trial court, were not afforded the opportunity to examine the evidence according to the law.

2. Section 3731(a)(1) of the Motor Vehicle Code provides: "Offense defined.—A person shall not *drive* any vehicle while: (1) under the influence of alcohol to a degree which renders the person incapable of safe driving . . . ." (Emphasis added.)

*Id.,* 268 Pa.Super. at 211, 407 A.2d 1320 (emphasis in original). *See also Commonwealth v. Wenzel,* 13 Pa.D. & C.3d 576, 577–78 (C.P. Montgomery Co.1979).

As the above-quoted passage indicates, *Brown* requires proof that a defendant's vehicle was in motion in order for the defendant to be convicted of driving while under the influence of alcohol. *Brown* does not, however, require *direct* evidence of motion, as the lower court here concluded. The Commonwealth contends that it presented sufficient *circumstantial* evidence to warrant an inference that appellee's van had been in motion, and therefore that appellee had violated sections 1543 and 3731. To avoid a demurrer on the facts of this case, the inferred fact must follow beyond a reasonable doubt from the evidence adduced at trial. *See Commonwealth v. Mason,* 483 Pa. 409, 413, 397 A.2d 408, 411 (1979). In *Commonwealth v. White,* 5 Pa.D. & C.3d 596 (C.P. Cumberland Co.1978), an officer saw a car with its lights on, engine running, and transmission in gear parked in the middle of the oncoming lane. The defendant, asleep on the front seat, had set his foot on the brake. The court, sitting without a jury, found the defendant guilty of driving while under the influence of alcohol, noting that

the circumstances surrounding this incident clearly support an inference that defendant had *driven* to the spot in question and because of his intoxicated condition, had fallen asleep behind the wheel. Although the car was not in motion in the technical sense when [Officer] Morrison arrived on the scene, *we may reasonably infer that defendant had been driving while intoxicated up to the point where he fell asleep.* This in itself is enough to constitute the offense of driving while under the influence of alcohol, even though [Officer] Morrison did not actually see the car in motion.

*Id.* at 600 (emphasis in original). We agree with the court in *White* that a finder of fact may, under such circumstances, infer that a defendant's car had been in motion. In the instant case, the Commonwealth presented evidence that at 3:30 a. m. appellee's van was parked in the oncoming lane of

Route 113, with its engine running, transmission in gear, and headlights on. Additionally, the Commonwealth showed that appellant, who reeked of alcohol, was asleep in the driver's seat of the van and that his driver's license had been suspended. Under these circumstances, we conclude that a finder of fact could infer beyond a reasonable doubt that appellee's van had been in motion and thus that appellee had violated sections 1543 and 3731. Consequently, the lower court erred in sustaining appellee's demurrer.

Order reversed and case remanded for further proceedings.