**Commonwealth v. Heinold**

*Gregory B. Abelin, Assistant District Attorney,* for the Commonwealth.
*Edward E. Guido,* for defendant.

HOFFER, *J.,* March 24, 1983—On December 2, 1982, defendant, Thomas James Heinold, was found guilty of driving while under the influence of alcohol. He subsequently filed motions in arrest of judgment and for a new trial[1] that currently are before the court. Because the three grounds defendant asserts in support of his motion each essentially allege that the evidence was insufficient to sustain the verdict and because, in passing upon this motion, we must evaluate the evidence in the light most favorable to the Commonwealth, Commonwealth v. Tabb, 417 Pa. 13, 16, 207 A. 2d 884, 886 (1965), a thorough review of the record is necessary.[2]

At approximately 1:45 am on September 11, 1982, Officer James Adams of the Upper Allen Township Police Department observed defendant's car parked along Cedar Avenue, a residential area of the township. After waiting approximately 45 seconds to a minute for the car to move on, Adams

---

1. After these motions were filed, defendant elected to abandon his motion for new trial and to pursue only his motion in arrest of judgment.

2. Notes of Testimony are taken from the December 2, 1982, suppression hearing, which has been stipulated by the parties to be the non-jury trial record.

approached the vehicle and found defendant seated in the car with his foot on the brake, the engine running, lights on, and transmission in gear. Upon closer observation, Adams detected an odor of alcohol. A pewter mug containing beer also was found on the car floor. After failing two field sobriety tests, Adams placed defendant under arrest and administered a breathalyzer test, which defendant failed.

As for the car itself, it was parked in a northerly direction opposite a row of three or four homes. No sidewalk or curbing runs along Cedar Avenue, a two lane paved roadway, nor is parking restricted in any way. Defendant's vehicle was not parked parallel to the road but was positioned at an angle, with the front approximately one foot from the edge of the roadway facing an adjacent lawn and the rear approximately two feet from the road's edge and positioned toward the center of the road.

Nevertheless, Adams testified that the car was not parked illegally and that he had no reason to issue a citation. In fact, he only approached the car because it was uncommon to find cars in the area at that hour and he was concerned that the vehicle may have broken down. Additionally, at no time did Adam move defendant's car. Rather, he merely turned the engine off and locked the car, allowing the vehicle to remain as he found it because the car was not in a position to block traffic. Finally, it must be noted that at no time did Adams ask defendant where he had come from, nor did he, or anyone else, ever see defendant's vehicle move.

Defendant was charged and found guilty under the Act of June 17, 1967, P.L. 162, 75 Pa.C.S.A. §3731 of driving while under the influence of alcohol. The act defines the offense as follows: "[a] person shall not *drive* any vehicle while: (1) under

the influence of alcohol to a degree which renders the person incapable of safe driving." (Emphasis added.) This section replaces the Act of April 19, 1959, P.L. 58, 75 P.S. §1037, which made it unlawful to *operate* a motor vehicle while intoxicated. Our courts have held consistently that the legislature acted intentionally in substituting the word "drive" for the word "operate" and, therefore, did not intend the terms to be synonymous. Commonwealth v. Brown, 268 Pa. Super. 206, 407 A. 2d 1318 (1979); Commonwealth v. White, 5 D. & C. 3d 596 (1978). Rather, "the word 'drive' connotes a vehicle set in motion by its driver, and . . . The definition of the word 'operate' includes and is markedly broader than that of 'drive.' " Brown, 268 Pa. Super. at 210, 407 A. 2d at 1320. Thus, as succinctly stated in Brown, "to prove that a defendant charged with a violation of section 3731 'drove' a motor vehicle, evidence must be adduced showing that the vehicle was (at the time in question), in fact, *in motion.*" Id. at 211, 407 A. 2d at 1320. (Emphasis in original.)

In the present case, Adams testified that at no time did he or anyone else observe defendant's vehicle move. Thus, there is no direct evidence that defendant's car was in motion and, consequently, that he was violating section 3731 by driving while intoxicated. Our inquiry, however, does not end there. Although Brown requires evidence that the vehicle was in motion, it does not require direct evidence of that motion. Commonwealth v. Matsinger, 288 Pa. Super. 271, 176, 431 A. 2d 1043, 1045 (1981). Rather, circumstantial evidence may be sufficient to convict as long as the inferences drawn from that evidence prove the facts in question beyond a reasonable doubt. White, 5 D. & C. 3d at 600 (1978) see also Commonwealth v. Meredith,

490 Pa. 303, 416 A. 2d 481 (1980); Commonwealth v. Treftz, 465 Pa. 614, 627, 351 A. 2d 265, 271 (1976).

Both Matsinger and White, under factually similar circumstances, found circumstantial evidence sufficient to support a conviction. In each case, defendant drivers were found asleep in their vehicles, which were parked respectively, in the oncoming lane of a highway and in the center of a northbound moving lane. Each vehicle had its lights on, engine running and transmission in gear. Both drivers were intoxicated. Clearly, under these circumstances, the vehicles could not have reached their location without having been driven there by drivers intoxicated at the time. Thus, although the arresting officers never observed the vehicles move, the evidence adduced at trial was sufficient to support the inference of a violation beyond a reasonable doubt.

No such clear-cut circumstances exist here and, upon consideration of the record, we cannot find that the Commonwealth's circumstantial evidence proves beyond a reasonable doubt that defendant's vehicle was in motion. Unlike Matsinger and White, defendant Heinold's vehicle was not stopped in the center of a highway. It was instead parked alongside the road, and the vehicle was not blocking traffic. Especially noteworthy is the fact that, according to Officer Adams, it was not illegal to park in that location, he had no reason to issue a citation on the car and he failed to move the car from its location. Obviously, then, the car was not in an illegal or dangerous position, as in Matsinger or White, and easily could have been driven to its parking spot before defendant became intoxicated.

Moreover, Adams testified that he last passed Cedar Avenue three hours prior to observing de-

fendant's car. Thus, there is no way of knowing how long defendant had been parked there. Though it is possible that defendant drove to that spot while intoxicated, it is just as likely that defendant was merely preparing to drive his parked vehicle home when the officer approached. Under the facts presented here, defendant could have stopped at a friend's home and been preparing to drive when Adams approached. Under these circumstances, the Commonwealth's circumstantial evidence does not convince us beyond a reasonable doubt that defendant's vehicle was in motion while he was intoxicated. Consequently, we find that the evidence presented was not sufficient to sustain the verdict.

## ORDER OF COURT

And now, March 24, 1983, defendant's motion in arrest of judgment is hereby granted.