## Commonwealth v. Pergalski

*John M. Zeglen,* for the Commonwealth.
*Samuel J. Davis,* for defendant.

CICCHETTI, *P.J.,* March 22, 1985—This matter is before the court in the nature of an appeal from magistrate's conviction for the summary offense of driving while operating privileges are suspended or revoked, 75 Pa.C.S. §1543. Defendant Mark Anthony Pergalski was convicted before magistrate Rick Vernon on September 25, 1984, in relation to an incident occuring on July 23, 1984. This instant appeal was heard by this court on February 12, 1985. At that time, this court reserved an ultimate ruling on defendant's demurrer to the Commonwealth's evidence. Thus, prior to our resolution of this case, it will be necessary to consider defendant's arguments in this regard.

The testimony disclosed that shortly after midnight on July 23, 1984, Pennsylvania State Troopers Michael Cellurale and David E. LaRitz, while on routine patrol, were called to an accident scene on Pennsylvania Route 119 in South Union Township, just south of the Red Head service station. Trooper Cellurale testified that upon arriving at the scene he observed two vehicles along the two-lane highway, one partly off the road onto the east berm, the other straddling both lanes, facing north. Cellurate testified that he and Trooper LaRitz had arrived together and observed some members of the fire company, a nurse, Mr. Baudi (the operator of one of the vehicles involved in the accident), and the defendant at the scene. Defendant was seated on the ground, a short

distance north of one of the vehicles. Trooper Cellurale testified that defendant admitted to driving one of the vehicles, a Camaro.

Trooper LaRitz testified that upon obtaining the operator's license and registration card from defendant and the other driver, he returned to the barracks later that morning and ran a check on both operators' license numbers and ascertained that the defendant was then under suspension. . . . LaRitz filed a citation with Magistrate Vernon regarding the instant charge on August 26, 1984. On cross-examination, Trooper LaRitz stated he did not observe defendant seated in or driving the vehicle.

Pennsylvania State Trooper Gary D. Brownfield testified that on June 6, 1984, defendant came to the state police barracks, at which time Brownfield served a notice of suspension upon him. Brownfield stated that he was advised by defendant that he had lost his operator's license, at which time defendant signed an affidavit relative to those facts. Trooper Brownfield then forwarded his report, of which the affidavit was a part, to the Bureau of Traffic Safety in Harrisburg. The subject report was then admitted into evidence. After cross-examination, defendant demurred on the grounds that the Commonwealth had failed to prove beyond a reasonable doubt that defendant had in fact been "driving" the vehicle at the time in question.

A demurrer is properly granted only if the prosecution's evidence, including those reasonable inferences deducible therefrom, is insufficient to support the factfinder's determination that the defendant was guilty beyond a reasonable doubt. Commonwealth v. Turner 491 Pa. 620, 421 A.2d 1057 (1980). Defendant contends that the evidence of the defendant's extrajudicial admission that he was "driving" the vehicle is admissible only to prove

defendant's identity as operator of the vehicle in question, and hence, is insufficient to prove that the defendant "drove" the vehicle as required by 75 Pa.C.S. §1543(a). Defendant relies on Commonwealth v. Panasci, 26 Somerset L.J. 216 (1970) for this proposition.

While we are in agreement with the defendant's reading of the Panasci case, we noted that although proof that the defendant "drove" the vehicle is necessary under §1543(a) in order to convict him of driving while operating privileges are suspended, such proof may be in the nature of circumstantial, as well as direct, evidence. Commonwealth v. Mastsinger, 288 Pa. Super 271, 276, 431 A.2d 1043, 1045 (1981). For this reason, we find merit in the Commonwealth's position that, taken together with defendant's extrajudicial admission establishing that he was the operator of the vehicle, the circumstantial evidence was sufficient to prove that the defendant was in fact "driving" at the time in question.

In this regard, we consider Trooper Cellurale's testimony that, upon the officer's arrival at the scene, the only individuals present were the firemen, the nurse, the other driver and defendant. We consider also the position of the vehicles, defendant's location near the automobile upon the officers' arrival, and Trooper Cellurale's testimony that the nurse was, at the time, attending to injuries to defendant's face. We therefore deny defendant's demurrer on the grounds stated.

• • •

Defendant's demurrer is hereby overruled; and, defendant is found guilty of violating 75 Pa.C.S. §1543, driving while operating privileges are suspended.