523 A.2d 799

**COMMONWEALTH of Pennsylvania**

v.

**Norman P. CRUM, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 19, 1987.

Filed March 31, 1987.

Charles B. Swigart, Huntingdon, for appellant.

Stewart L. Kurtz, District Attorney, Huntingdon, for Com., appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence entered following a jury trial wherein appellant was convicted of driving under the influence.[1]  Appellant, a first time offender, was sentenced to five (5) days to twenty three (23) months imprisonment.

On May 2, 1985, at approximately 2:25 a.m., State Trooper Richard Kuny observed appellant's vehicle parked along the berm of Pa. Route 26 in Huntingdon County.  (N.T., 11/4/85, pp. 10, 11).  Trooper Kuny found appellant slumped across the front seat of the car, with the motor running and the lights on.  (N.T., 11/4/85, p. 11).  Trooper

1.  75 Pa.C.S.A. § 3731(a)(1).

Kuny eventually roused appellant from a deep sleep, and based upon observations of appellant's demeanor, placed him under arrest. (N.T., 11/4/85, p. 13). A subsequent intoxilizer test performed at the Pennsylvania State Police barracks revealed appellant had a blood/alcohol content of 0.19%. (N.T. 11/14/85, p. 13).

Appellant now argues that even if the evidence presented by the Commonwealth was legally sufficient to prove that he was, at the time he was observed by Trooper Kuny, under the influence of alcohol to a degree which rendered him incapable of safe driving, there was not sufficient evidence to prove that he either drove, operated, or was in actual physical control of the movement of a vehicle.

The test for reviewing a sufficiency of the evidence claim on appeal from a criminal conviction is well settled:

> [W]hether, viewing the evidence in the light most favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt. . . . The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence . . . Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered . . . Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence. (Citations omitted).

*Commonwealth v. Griscavage*, 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986), citing *Commonwealth v. Harper*, 485 Pa. 572, 576–77, 403 A.2d 536, 538–39 (1979).

**Driving Under the Influence of Alcohol or Controlled Substance,** 75 Pa.C.S.A. § 3731 (a)(1) provides:

> (a) offense defined.—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
>
> (1) under the influence of alcohol to a degree which renders the person incapable of safe driving;

As it is not disputed that appellant was under the influence of alcohol, our inquiry must focus upon whether appellant drove, operated or was in actual physical control of the movement of his vehicle. The history of 75 Pa.C.S.A. § 3731 is instructive in this regard.

Section 1037 of the Vehicle Code, Act of April 29, 1959, P.L. 58, *formerly* 75 P.S. § 1037 provided that "[i]t shall be unlawful for any person to *operate* a motor vehicle ... while under the influence of intoxicating liquor ..." (emphasis added). In *Commonwealth v. Kallus,* 212 Pa.Super. 504, 243 A.2d 483 (1968), this Court interpreted the word "operate", as used in the statute, as follows: "it is not necessary that the vehicle itself must be in motion but that it is sufficient if the operator is in actual physical control of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself." *Id.,* 212 Pa.Superior Ct. at 507, 243 A.2d at 485. In *Kallus,* the defendant, who was found seated in the driver's seat of the car behind the steering wheel, with the engine running, car in gear, the rear wheels spinning, and the left wheel spinning against the main portion of the highway, was determined to have operated the vehicle for purposes of section 1037.

In 1976, 75 P.S. § 1037 was repealed by 75 Pa.C.S.A. § 3731, as enacted by the Act of June 17, 1976, P.L. 162, § 1. This statute provides, in relevant part, that, "[a] person shall not *drive* any vehicle while ... under the influence of alcohol...." (emphasis added). In *Commonwealth v. Brown,* 268 Pa.Super. 206, 407 A.2d 1318 (1979), this Court concluded that since the term "operate" is a broader term than "drive", the legislature intended to limit the scope of the statute when it substituted the term "drive" for the term "operate". Thus we found that "[i]n order to prove that a defendant charged with a violation of § 3731 'drove' a motor vehicle, evidence must be adduced showing that the vehicle was (at the time in question), in fact, in motion." *Id.,* 268 Pa.Superior Ct. at 211, 407 A.2d at 1320.

This holding was further delineated in *Commonwealth v. Matsinger*, 288 Pa.Super. 271, 431 A.2d 1043 (1981), wherein the court found that *Brown* does not require direct evidence of motion, but rather, circumstantial evidence may be sufficient. In applying this standard, the court held that evidence that the defendant was found asleep behind the wheel of his vehicle with the motor running and the car in gear was sufficient to support an inference that the vehicle had been in motion and that appellant had been in control.

■ In 1982, 75 Pa.C.S.A. § 3731 was amended to the version of the statute we now have before us. 75 Pa.C.S.A. § 3731 (a), as amended by the Act of December 15, 1982, P.L. 1268, § 9 provides that, "[a] person shall not drive, operate, or be in actual physical control of the movement of any vehicle while ... under the influence of alcohol...." Upon review of this version of the statute, it is clear that the legislature intended to expressly broaden the scope of section 3731. The Commonwealth Court, upon passing on the meaning of the phrase "actual physical control of the movement of a motor vehicle", considered this history of 75 Pa.C.S.A. § 3731.

> In accordance with the statutory construction principles that effect should be given to all of the words of the law, 1 Pa.C.S. § 1921(a), 1922(2), and that earlier judicial interpretations of terms should be heeded when the legislature includes those terms in a subsequent statute, 1 Pa.C.S. § 1922(4), this court must conclude that the concept "actual physical control" in the present chemical test section conveys the same meaning as that which the Superior Court had accorded to the concepts of operating and having physical control—as involving control of the movements of either the machinery of the motor vehicle or of the management of the vehicle itself, without a requirement that the entire vehicle be in motion.

*Commonwealth v. Farner*, 90 Pa.Commw. 201, 205, 494 A.2d 513, 515–516 (1985).

Additionally, the concept of "actual physical control" has recently been embodied in the Pennsylvania Suggested

Standard jury instructions for driving under the influence of alcohol.

[ (2) The crime of driving under the influence can be committed not only by a person who drives but also by one who "operates" or is "in actual physical control of the movement" of a vehicle. A person does not drive unless he actually has the vehicle in motion, however, a person may operate or be in actual physical control of the movement of a standing vehicle. These terms are more comprehensive than the term drive. (They cover certain situations where a person under the influence is a threat to public safety even though he is not driving at the time.) Thus a person operates a vehicle if he is in actual physical control of either the machinery of the motor vehicle or the movement of the vehicle itself.]

Pa.SSJI (Crim.) 17.3731.

■ We find that since the jury could have reasonably found appellant to be in violation of the earlier versions of the statute, there is no doubt appellant can be convicted under the present statute. The amended version of 75 Pa.C.S.A. § 3731 is much broader than the version applied in *Matsinger*. The facts of the instant action are sufficient to support an inference that appellant was in control of either the machinery of the motor vehicle or the management of the motor vehicle itself, despite the fact that appellant's vehicle was not observed in motion.

Appellant next argues that the presumption of being under the influence, arising from a blood/alcohol test result of 0.10 per cent or greater, has been eliminated by the 1982 amendments to the vehicle code. Thus, appellant contends it was error for the court below to instruct the jury that a test result of 0.10 per cent or more required them to find that he was under the influence, when he was only charged with section 3731(a)(1) and not section 3731(a)(4).

The lower court, in its charge to the jury, stated, *inter alia:*

Any person who has alcohol by weight in their blood of .10 or more, under those circumstances, the test result

*requires* you to find that the defendant was under the influence of alcohol. What this means is that the test result, if accepted by you as accurate and reliable, is *conclusive* evidence that the defendant was under the influence of alcohol and *requires* you to so find. (Emphasis added).

(N.T. 11/5/85, p. 46).

The court below maintains that its comments to the jury "did not amount to a presumption, but rather a permissible inference that defendant was under the influence." (Slip Op., Taylor, J., 9/5/86, p. 8).

Under 75 Pa.C.S.A. § 1547(d)(3), **Presumptions From Amount of Alcohol,** if chemical testing of a person's breath, blood or urine shows:

(3) That the amount of alcohol by weight in the blood of the person tested is 0.10% or more, this fact *may be introduced into evidence* if the person is charged with violating section 3731. (Emphasis added).

Pursuant to the pre–1982 version of 75 Pa.C.S.A. § 1547(d)(3), if chemical analysis of a person's breath or blood shows:

(3) that the amount of alcohol by weight in the blood of the person tested is 0.10% or more, it *shall be presumed* that the defendant was under the influence of alcohol. (Emphasis added).

Thus appellant's argument centers on how the court should instruct the jury regarding the significance of the blood alcohol level when the defendant is charged under section 3731(a)(1) and there is evidence of a blood alcohol level of 0.10 per cent or more.

Although the pre–1982 versions of 1547(d)(3) spoke in terms of "presumptions", the Pennsylvania Supreme Court, in *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974), held that what is described in the vehicle code as a "presumption" is "really no more than an inference which the jury may accept or reject in light of all of the evidence in the case." *Id.*, 458 Pa. at 199, 329 A.2d at 211. The

court further elaborated on the non-compulsory nature of the inference and the charge to the jury as follows:

> The jury should be instructed that the test results are evidence that the defendant was under the influence of intoxicating liquor, and permit a finding to that effect, but that such a finding is not mandatory; that the test results should be considered together with all the other evidence in the case; and that if there is a reasonable doubt in the minds of the jurors as to whether the defendant was under the influence of intoxicating liquor, they should return a verdict of "not guilty."

*Id.*, 458 Pa. at 200, 329 A.2d at 211.

The amended version of 1547(d)(3) does not speak in terms of "presumption", however, it would appear that the "permissive inference" approach of *DiFrancesco* continues to apply. This is so despite the fact that the 1982 amendments also added section 3731(a)(4) which expanded the crime of driving under the influence to include driving with a 0.10 per cent or greater blood alcohol level. If a defendant is specifically charged under section 3731(a)(4) and evidences a blood alcohol level of 0.10 per cent, it is conclusively proven that he was driving under the influence. However, when a defendant, such as appellant herein, is charged under section 3731(a)(1), evidence of a 0.10 per cent blood alcohol level is but one piece of evidence to be considered in determining whether he was under the influence.

This point was recently addressed by the court in *Griscavage, supra.* The defendant in *Griscavage* was charged with driving under the influence, section 3731(a)(1), and registered a blood alcohol level of .09 per cent. 75 Pa.C. S.A. § 1547(d)(2) provides that if:

> [T]he amount of alcohol by weight in the blood of the person tested is in excess of 0.05% but less than 0.10%, this fact shall not give rise to any presumption that the person tested was or was not under the influence of alcohol, but this fact may be considered with other competent evidence in determining whether the person was or was not under the influence.

This Court concluded that "a result between .05% and .10% therefore indicates at most that the person had been drinking. It *does not allow an inference* to be made that the person was under the influence." (Emphasis added). *Commonwealth v. Griscavage*, 336 Pa.Super. 141, 152, 485 A.2d 470, 476 (1984), rev'd, 512 Pa. 540, 517 A.2d 1256. However, the Pennsylvania Supreme Court found that:

> The Superior Court in failing to recognize the statute's qualification mischaracterized the import of the statute. A correct construction is to the effect that when combined with other competent evidence of the person's drinking, including observation of witnesses, admissions and the manner in which the person operated the automobile, a blood/alcohol test result higher than .05% but less that .10% allows the trier of fact to find that a defendant was "under the influence" beyond a reasonable doubt.

*Id.*, 512 Pa. at 547, 517 A.2d at 1259 n. 6.

We can only conclude then, that the "permissible inference" approach is embodied in the 1982 amendments. Consistent with this finding, the Pennsylvania Suggested Standard jury instructions, in a case where the defendant is charged with a violation of section 3731(a)(1) and there is proof of a 0.10 per cent or greater blood alcohol level, would be as follows:

> According to a Commonwealth witness, _____, chemical analysis showed that the amount of alcohol by weight in the defendant's blood was _____. If accurate and reliable, a test result of 0.10% or more permits a jury to infer, if it chooses to do so, that the person tested was under the influence of alchol to a degree which rendered him incapable of safe driving. You should consider the test result along with all other evidence in the case. If, after considering all the evidence, you have a reasonable doubt that the defendant was under the influence to a degree which rendered him incapable of safe driving you must find him not guilty regardless of the test result.

Pa.SSJI (Crim.) 17.1547A.

■ This charge, we believe, is an accurate recitation of the current law. The judge's charge to the jury in the

instant action was improper insofar as it *required* the jury to find that the defendant was under the influence of alcohol if his blood/alcohol was .10 per cent or more. While this would be a proper charge if appellant was held for a violation of section 3731(a)(4), a charge pursuant to section 3731(a)(1) must speak of permissible inferences.[2] We note that the identical jury charge by the same judge was affirmed in *Commonwealth v. Hess*, 349 Pa.Super. 440, 503 A.2d 448 (1986), but there was also a finding of sufficient evidence beyond that of the blood alcohol level to establish the degree of intoxication rendering the defendant incapable of safe driving. Here, no other evidence was submitted to establish intoxication and the finding was compelled by the erroneous instruction given by the trial court.

Judgment of sentence vacated and case remanded for a new trial consistent with this Opinion.

---

**2.** 75 Pa.C.S.A. § 3731(a)(1) and 75 Pa.C.S.A. § 3731(a)(4) have been determined to be separate and distinct offenses. *Commonwealth v. Slingerland*, 358 Pa.Super. 531, 518 A.2d 266 (1986). We determine that the proper jury charge in a case in which a defendant is charged with a violation of section 3731(a)(1) is in the form or consistent with that Pa. SSJI (Crim.) 17.1547A above.