**COMMONWEALTH OF PENNSYLVANIA,**
Appellant

v.

**Evan JAMES, Appellee.**

Superior Court of Pennsylvania.

Submitted May 25, 2004.
Filed Dec. 8, 2004.

Michael W. Streily, Deputy District Attorney, Karen T. Edwards, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellant.

John A. Knorr, Pittsburgh, for appellee.

Before: HUDOCK, JOYCE, MUSMANNO, KLEIN, BENDER, BOWES, GANTMAN, McCAFFERY, and PANELLA, JJ.

OPINION BY McCAFFERY, J:

¶ 1 In this appeal, we have been asked by Appellant, the Commonwealth, to determine whether the trial court abused its discretion in granting the motion of Appellee, Evan James, for a writ of *habeas corpus*. Specifically, we must decide

whether the Commonwealth presented adequate evidence to hold Appellee for trial for a violation of 75 Pa.C.S.A. § 3731(a)(1) and (4)(i), commonly known as "driving under the influence." Under the circumstances of this case, we hold that the Commonwealth did, in fact, proffer evidence sufficient to defeat Appellee's motion. Accordingly, we reverse and remand for trial.

¶ 2 The record reveals the following facts[1] and procedural history. On August 8, 2002, Appellee parked his vehicle in a lot near a bar. Apparently he did not pay the required fee, because the manager called for tow trucks to remove both his vehicle and another one from the lot. Two tow trucks responded, and Appellee's vehicle was hoisted by one of them. Because the vehicle had front-wheel drive, the two front wheels of Appellee's vehicle were placed on a raised platform, where they were then secured with bars and straps. While the tow truck driver was waiting for the other tow truck to leave the parking lot, Appellee approached in a belligerent state. As described by the tow truck operator:

> Mr. James come running up cussing and cursing, telling me to let his vehicle down.... At that time, he reached in my truck, grabbed my hat, threw it half way across the lot. Then he went back, jumped in his car, started the vehicle up.... Starts revving up his engine saying he's not going anywhere.... We call the police to come. He gets out of the vehicle, goes to my wheel lift, starts undoing my strap, takes my pin out, throws it across the lot. At that time the other driver stops him. I went over and grabbed my pin, put it back in my lift, redid the strap. He got back in, started revving his engine up some

more, threw it in reverse, hit his gas, and hopped his car half way off my lift. (N.T. at 8–9). Appellee's actions, in fact, damaged the tow truck. The police arrived while Appellee was still sitting in the car, and the tow truck operator described Appellee's actions to the police. Because Appellee appeared intoxicated to the police, they gave him two field sobriety tests, both of which he failed. He later registered a 0.165% on a breath analysis test.

¶ 3 As a result of Appellee's actions in the parking lot, he was charged with two counts of driving under the influence of alcohol ("DUI").[2] Following his preliminary hearing, Appellant filed a Motion for a Writ of *Habeas Corpus*, seeking dismissal of the charges. After a hearing on October 2 and 9, 2002, the trial court granted the motion and dismissed the charges. The Commonwealth has appealed, and raises the following issue for our review:

> WHETHER THE TRIAL COURT MISAPPLIED THE LAW TO THE FACTS PRESENTED AS TO WHETHER APPELLEE WAS IN "ACTUAL PHYSICAL CONTROL" OF THE MOVEMENT OF HIS VEHICLE WITHIN THE MEANING OF 75 PA. C.S.A. § 3731(a), AND THUS MANIFESTLY ABUSED ITS DISCRETION IN GRANTING APPELLEE'S REQUEST FOR HABEAS CORPUS RELIEF AND DISMISSING HIS DUI CHARGES?

(Appellant's Brief at 4).

¶ 4 Our standard of review for a grant of a *habeas corpus* petition is as follows:

> The decision to grant or deny a petition for writ of [*habeas corpus*] will be re-

---

1. Unless otherwise noted, the facts are taken from the Notes of Testimony ("N.T.") of the September 4, 2002 Preliminary Hearing.

2. 75 Pa.C.S.A. § 3731(a)(1) and (4)(i).

versed on appeal only for a manifest abuse of discretion.... Our scope of review is limited to deciding whether a *prima facie* case was established.... [T]he Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury.

*Commonwealth v. Giusto*, 810 A.2d 123, 125 (Pa.Super.2002), *appeal denied*, 573 Pa. 664, 820 A.2d 703 (2003) (quoting *Commonwealth v. Saunders*, 456 Pa.Super. 741, 691 A.2d 946, 948 (1997)). When deciding whether a *prima facie* case was established, we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could support a guilty verdict. *Commonwealth v. Packard*, 767 A.2d 1068, 1071 (Pa.Super.2001). The standard clearly does not require that the Commonwealth prove the accused's guilt beyond a reasonable doubt at this stage. *Id.*

¶ 5 Additionally, when interpreting a statute, our courts must give plain meaning to the words therein. *See* 1 Pa.C.S.A. §§ 1901, 1903. "It is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute." *Commonwealth v. Engle*, 847 A.2d 88, 91 (Pa.Super.2004) (quoting *Commonwealth v. Tate*, 572 Pa. 411, 413, 816 A.2d 1097, 1098 (2003)).

¶ 6 In this case, Appellee was charged with violating Sections 3731(a)(1) and (4)(i)[3] of the Vehicle Code, which provide in pertinent part as follows:

(a) Offense defined.-A person shall not drive, operate or be in actual physical control of the movement of any vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

\* \* \* \* \* \*

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater;..."

75 Pa.C.S.A. § 3731(a). *See also Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa.Super.2003) (citing *Commonwealth v. Woodruff*, 447 Pa.Super. 222, 668 A.2d 1158, 1161 (1995)) (defining the offense of DUI).

¶ 7 The evolution of Section 3731 sheds interpretive light on what the legislature intended when it chose to use particular and specific terms for the statutory language in each amendment. Former 75 P.S. § 1037, which was enacted in 1959, made it "unlawful for any person to operate a motor vehicle ... while under the influence of intoxicating liquor." In *Commonwealth v. Kallus*, 212 Pa.Super. 504, 243 A.2d 483, 485 (1968), an intoxicated motorist had attempted to free his car from a snow bank where it was stuck and incapable of movement, and this Court was asked to determine the meaning of the word "operate." The car in question "was so firmly embedded in the snow that it was impossible for its operating mechanisms to remove it therefrom or move it therein." *Id.* at 484. The question on appeal was whether the defendant was *operating* the vehicle. *Id.* at 485. In affirming the conviction, this Court explained "that *it is not necessary that the vehicle itself must be in motion* but that it is sufficient if the operator is in actual physical control of the movements of either the *machinery* of the motor vehicle or of the management of the movement of the vehicle itself." *Id.*

---

**3.** Effective February 1, 2004, this statute was repealed by 75 Pa.C.S.A. § 3802. However, the repeal did not affect the above-quoted language, which remains applicable.

¶ 8 In 1976, Section 1037 was repealed by 75 Pa.C.S.A. § 3731, which provided that a "person shall not drive any vehicle while...under the influence of alcohol." In *Commonwealth v. Brown*, 268 Pa.Super. 206, 407 A.2d 1318, 1320 (1979), the Court concluded that by substituting the word "drive" for "operate," the legislature meant for the Commonwealth to present evidence that the vehicle had been in motion *at the time in question* in order to prove a violation of the statute. We held that proof that the car "was in motion at the time in question" satisfied proof of "driving." *Id.* In subsequent caselaw, we determined that the Commonwealth could rely on wholly circumstantial evidence which created an inference that the vehicle *had been in motion* in order to meet its evidentiary burden. *See Commonwealth v. Matsinger*, 288 Pa.Super. 271, 431 A.2d 1043, 1045 (1981).

¶ 9 In 1982, the legislature broadened the scope of Section 3731(a) via an amendment which provided that a "person shall not drive, operate, or be in actual physical control of the movement of any vehicle while...under the influence of alcohol...." *Commonwealth v. Bobotas*, 403 Pa.Super. 136, 588 A.2d 518, 521 (1991). The version of Section 3731(a) at issue in the case *sub judice* retains this language.[4]

¶ 10 Additionally, we note that the concepts of "drive," "operate" and "actual physical control" have been given substance in the Pennsylvania Suggested Standard Jury Instructions for driving under the influence of alcohol:

*Meaning of "drive," "operate," and "actual physical control"*

(a) The crime of driving under the influence can be committed not only by a person who literally drives a vehicle but also by one who "operates" or is "in actual physical control of the movement" of a vehicle. A person does not drive unless he or she actually has the vehicle moving; however, a person may operate or be in actual physical control of the movement of a standing vehicle. These terms are broader than the term *drive* because the law is concerned with the threat to public safety of motorists who might drive under the influence, as well as those who actually do drive under the influence.

[ (b) A person *operates* or is in actual physical control of a vehicle if he or she is in physical control of either the *machinery* of the vehicle or the management of the vehicle's movement.]

PA.SSJI (CRIM.) 17.3731C (emphasis both added and in original).

 ¶ 11 Instantly, the trial court dismissed the charges against Appellee on the basis that "[Appellee] lacked actual physical control of the movement of his vehicle." (Trial Court Opinion, 1/21/03, at 3). It is our determination, however, based on the plain and unambiguous meaning of the words of the statute[5] and in conjunction with case law, that the Com-

---

4. Since the scope of the statute was broadened, we have held that "operate" does not require evidence that the vehicle was in motion; it merely requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement. *Commonwealth v. Johnson supra*, 833 A.2d at 263 (quoting *Commonwealth v. Wilson*, 442 Pa.Super. 521, 660 A.2d 105, 107 (1995)); *Commonwealth v. Grimes*, 436 Pa.Super. 535, 648 A.2d 538, 544 (1994); *Commonwealth v. Crum*, 362 Pa.Super. 110,

523 A.2d 799, 801 (1987). Thus, the question of "actual physical control" only arises where the Commonwealth cannot show that a defendant operated a car by moving it.

5. The plain meaning of to "drive" is to "guide, control or direct (a vehicle)." *See* WEBSTER'S II NEW COLLEGE DICTIONARY 346 (2001). To "operate" means to "have an effect or influence." *Id.* at 767, 523 A.2d 799. To "control" means to "exercise

monwealth presented a *prima facie* case that Appellee had, in fact, actual physical control of the machinery of his vehicle. The evidence was direct and uncontested that Appellee revved the vehicle's engine, engaged it in reverse, and *moved it* halfway off the tow truck's lift.

¶ 12 Our decision is supported by this Court's holding in *Commonwealth v. Grimes,* 436 Pa.Super. 535, 648 A.2d 538, 543 (1994). Therein, the defendant was convicted of, *inter alia,* DUI. The evidence disclosed that the defendant, while in the driver's seat of his truck, had been parked in front of a bar, revving the engine for about five minutes. It appeared to the investigating police officer that the defendant was intoxicated. He refused to consent to a blood alcohol test. This Court determined that the Commonwealth had met its burden of establishing the defendant was in "actual physical control" over the vehicle, *even though the vehicle never moved.* In so doing, we observed:

> It is well settled that in order to be convicted under this statute, the Commonwealth need not prove that the vehicle was in motion at the time of the incident, but rather, must simply prove that the defendant was in actual physical control over the vehicle, and was, thus, a threat to public safety. *Commonwealth v. Crum,* 362 Pa.Super. 110, 113–17, 523 A.2d 799, 801–02 (1987). The concept of "actual physical control" involves the control of the movements of either the machinery of a motor vehicle or of the management of the vehicle itself, without a requirement that the entire vehicle be in motion. *Commonwealth v. Bobotas,* 403 Pa.Super. 136, 141–43, 588 A.2d 518, 521 (1991).

*Id.* at 543.

¶ 13 Furthermore, it is our conclusion, based on the plain and unambiguous

authority or influence over." *Id.* at 246, 523

meaning of the words of the statute and in conjunction with case law, that the Commonwealth presented a *prima facie* case that Appellee had *operated* his vehicle with a blood alcohol level greater than 0.10%. Again, the Commonwealth presented direct, uncontested evidence that Appellee had revved the vehicle's engine, engaged it in reverse, and moved it halfway off the tow truck's lift. The tow truck driver testified that Appellee backed his vehicle out of its restraints with sufficient violence that he broke one wheel free, which caused the car to come half-way off the lift. The engine was running, the vehicle was in reverse, and Appellee moved it partly off the tow truck. We find that these uncontroverted facts establish that Appellee put the car in "operation." Appellee effected the movement of his vehicle; therefore the Commonwealth established a *prima facie* case that Appellee had "operated" the vehicle. *See* PA.SSJI (CRIM.) 17.3731C.

¶ 14 This result is consistent with and promotes the public policy underpinning the driving under the influence statute. The purpose of the law is to keep drunk drivers off of the road and protect the Commonwealth's citizens. *Kallus,* 243 A.2d at 485. It is uncontested that Appellee caused property damage, and it is merely fortuitous that Appellee's foolish, drunken conduct did not injure anyone. Appellee unquestionably created a threat to public safety by operating his car in such a manner as to cause it to be left half on, half off the tow truck in an unsafe position. Had Appellee's efforts to get his car completely off of the tow truck been successful, public safety would have been further jeopardized.

¶ 15 Finally, Appellee also contends that he was not in violation of the statute because his vehicle was not actually

A.2d 799.

on a "trafficway." Appellee cites *Commonwealth v. Zabierowsky*, 730 A.2d 987, 989 (Pa.Super.1999), for the proposition that an "essential element of an offense under section 3731 of the Vehicle Code is that the vehicle be operated on a highway or trafficway." He then asserts that his vehicle was not on a "trafficway" because it was "suspended in the air." (Appellee's Brief at 10).[6] This is simply not true. Only the two front wheels were suspended, while the rear wheels remained on the pavement. (N.T. at 8). Regardless of whether this was a front-wheel drive vehicle, Appellee managed, nonetheless, to move the vehicle, which is the critical evidence to prove a violation.

¶ 16 Therefore, after a careful review of the record and in light of the appropriate standards, we determine that the Commonwealth did present sufficient evidence to support an inference that Appellee had actual physical control of and operated his vehicle on a highway or trafficway. Consequently, we conclude that the trial court abused its discretion when it granted *habeas corpus* relief, as the Commonwealth had met its burden of establishing at least *prima facie* that Appellee had violated the relevant provisions of 75 Pa.C.S.A. § 3731. Accordingly, we reverse the court's order and remand the case for proceedings consistent with this opinion.

¶ 17 Reversed and remanded. Jurisdiction relinquished.

6. Appellee does not argue that the parking lot in which his car was parked was not a highway or trafficway for purposes of the statute. *Zabierowsky,* 730 A.2d at 989.