Commonwealth *v.* Kriner, Appellant.

Argued March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Kenneth E. Hankins, Jr.,* with him *Martin, Bittle & Hankins,* for appellant.

*Edwin D. Strite, Jr.,* First Assistant District Attorney, with him *John R. Walker,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 22, 1975:

Appellant contends that all evidence obtained as a result of his arrest for driving under the influence of intoxicating liquor[1] should be suppressed as the fruit of an unlawful arrest.

On November 24, 1973, Officer Ott of the Chambersburg Borough Police Department was ordered to proceed to Scotland Road in the vicinity of the Borough line. Officer Ott observed an automobile, across the Borough line in Greene Township, straddling the center yellow line of Scotland Road. Officer Ott approached the vehicle and noticed that the motor was running, the lights were on, and that appellant was in the driver's seat in an unconscious state. He then opened the door of the vehicle, observed that the automobile was in "drive" and that a strong odor of alcohol permeated the interior. Officer Ott turned off the ignition and radioed the Pennsylvania

---

1. Act of April 29, 1959, P.L. 58, §1037, 75 P.S. §1037.

State Police, informing them that he had a "suspected 1037." Two state troopers arrived at the scene, awakened appellant, and asked him to step out of his car. The troopers testified that appellant smelled of alcohol, was incapable of speaking coherently, and staggered while attempting to walk. Trooper Konscol advised appellant of his constitutional rights and placed him under arrest for operating a vehicle while under the influence of alcohol. Neither Officer Ott nor Trooper Konscol had a warrant for appellant's arrest. In response to questioning, appellant made an inculpatory statement. The troopers then took appellant to the Police Barracks for a breathalyzer test, the results of which were admitted into evidence at trial.

On January 15, 1974, appellant filed a pre-trial motion to suppress all evidence obtained pursuant to the arrest. The motion was denied and appellant was found guilty by a jury on February 25, 1974. In his post-trial motions, appellant renewed his allegation that the arrest was unlawful. The court denied appellant's motions on October 3, 1974, and an appeal to this Court followed.

It is clear that appellant was not arrested until Trooper Konscol told him that he was being charged with a violation of §1037 of The Vehicle Code.[2] Section 1037 provides that it is unlawful "for any person to

---

2. Officer Ott made no attempt to effectuate an arrest. Had he done so, the arrest would have been unlawful because the misdemeanor occurred in Greene Township, beyond the jurisdiction of the Chambersburg police: "The state legislature has authorized Township police officers to arrest a felon outside of their own township where the arrest is made as part of the hot pursuit which follows the commission of a felony. August 6, 1963, P.L. 511, No. 267, §1 (19 P.S. §11). While police officers may also make a warrantless arrest for a misdemeanor . . . the legislature has not extended the authority to township police officers to cross township lines in order to make an arrest in hot pursuit of a misdemeanant." *Commonwealth v. Troutman*, 223 Pa. Superior Ct. 509, 511, 302 A.2d 430 (1973).

*operate* a motor vehicle . . . while under the influence of intoxicating liquor . . ." (Emphasis added). Section 1204 (a) of The Vehicle Code[3] then provided that a warrantless arrest for a misdemeanor can be made only when the arresting officer has probable cause to believe that the offense is being committed in his presence.[4] Appellant contends that Trooper Konscol did not have probable cause, and his arrest was therefore unlawful.

It is clear that the arresting officer had probable cause to believe that appellant was under the influence of intoxicating liquor. We have held on numerous occasions, however, that the officer must also have probable cause to believe that the appellant is committing the misdemeanor in his presence, i.e., that he is "operating" the motor vehicle. *Commonwealth v. Kloch,* 230 Pa. Superior Ct. 563, 327 A.2d 375 (1974); *Commonwealth v. Jacoby,* 226 Pa. Superior Ct. 19, 311 A.2d 666 (1973); *Commonwealth v. Brown,* 225 Pa. Superior Ct. 289, 302 A.2d 475 (1973); *Commonwealth v. Reeves,* 223 Pa. Superior Ct. 51, 297 A.2d 142 (1972); *Commonwealth v. Kallus,* 212 Pa. Superior Ct. 504, 243 A.2d 483 (1968). While it is unnecessary that the vehicle itself be in motion, it is required that "the operator [be] in actual physical control of the movements of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself." *Commonwealth v. Kallus,* supra, at 507-508, 243 A.2d at 485. Probable cause to believe that the accused is operating the vehicle cannot be supplied by statements of witnesses, *Commonwealth v.*

---

3. Act of April 29, 1959, supra, 75 P.S. §1204.

4. Section 1204 was recently amended by the Act of July 20, 1974, P.L. 522, No. 177, §2, which changes §1204 (a) to allow "[a] peace officer . . . upon probable cause without a warrant [to] arrest any person violating section 1037 of this Act in cases causing or contributing to an accident." The amendment would have no effect on the instant case because no accident had taken place.

*Brown,* supra, or by an incriminating statement of the driver, *Commonwealth v. Jacoby,* supra. Thus, we have held that there is probable cause to arrest when the "appellant was seated behind the wheel, there was a strong odor of alcohol, the car was parked mostly on the highway, the motor was running, and the lights were on." *Commonwealth v. Kloch,* supra, at 578, 327 A.2d at 384. In the factual context presented by *Kloch,* we held: "From what they saw the troopers could reasonably infer that appellant had driven to the spot where they found his car, stopped there without pulling completely off the highway, left the motor running to provide some warmth, left the lights on to provide some safety and then had fallen asleep. In short, they could reasonably infer that the car was where it was and was performing as it was because of appellant's choice, from which it followed that appellant was in 'actual physical control' of and so was 'operating' the car while he slept." 230 Pa. Superior Ct. at 579, 327 A.2d at 384.

The present case would be identical to *Kloch* had the arrest occurred before Officer Ott turned off the ignition. Officer Ott was in an unfortunate position: he knew that he was unable to lawfully arrest appellant because he was outside his jurisdiction, but he felt compelled by safety considerations to turn off the motor. The result is that Trooper Konscol was prevented from seeing appellant "operate" his automobile, and the legislature has clearly stated that a warrantless arrest for a misdemeanor is lawful only if the arresting officer has probable cause to believe that the misdemeanor is being committed in his presence. The only evidence upon which Trooper Konscol could base such a conclusion was the information related to him by Officer Ott. *Commonwealth v. Brown,* supra, held that information supplied by witnesses cannot provide the arresting officer with probable cause to believe that the crime is being committed in his presence.

Thus, the lower court erred in not suppressing all evidence obtained as a result of appellant's unlawful arrest.

Judgment of sentence reversed, and the case is remanded for a new trial consistent with this opinion.

WATKINS, P. J., and JACOBS and PRICE, JJ., dissent.