363 A.2d 1274
**COMMONWEALTH of Pennsylvania**
**v.**
**Elwood GALLAGHER, Appellant.**

Superior Court of Pennsylvania.
Argued March 8, 1976.
Decided Sept. 27, 1976.

290

Kenneth E. Hankins, Jr., Blake E. Martin, Chambersburg, for appellant.

Merrill W. Kerlin, Dist. Atty., McConnellsburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

During the early morning hours of May 24, 1973, Pennsylvania State Policemen Charles W. Conley and Robert J. Kovel were on turnpike patrol when they came upon an Oldsmobile station wagon illegally parked in a turnpike cross-over area. The automobile was parked so as to partially obstruct both inner or "fast" lanes of the turnpike. The vehicle's engine and lights were turned off, and Elwood Gallagher, appellant in the case before us, was sound asleep on the front seat. The police officers aroused appellant, observing a strong odor of alcohol on his breath, and helped him across the highway to a place of safety. Concluding that appellant had been driving while under the influence of liquor, the officers advised him of his *Miranda* rights, and transported him in their patrol car

to a State Police barracks. Appellant was there administered a Breathalyzer test which revealed a blood alcohol level of .15. Appellant was then formally charged with driving while under the influence of intoxicating beverage.

Appellant moved before trial to suppress all evidence obtained as the result of his allegedly-illegal arrest. This motion was denied by the lower court. Appellant was tried on March 27, 1974 before a jury, and was found guilty of driving while under the influence of intoxicating liquor. Timely motions for a new trial and for arrest of judgment were filed and denied, and appellant was sentenced to pay a fine of $300.00 and to serve a six month suspended sentence. Appeal was taken to our Court from the judgment of sentence, with the sole issue being the admissibility of the evidence obtained pursuant to the arrest.

Driving while under the influence of intoxicating liquor is a misdemeanor,[1] and it is clear that police may make a warrantless arrest for a misdemeanor only when the misdemeanor is committed in the presence of the arresting officer. *Commonwealth v. Reeves*, 223 Pa. Super. 51, 297 A.2d 142 (1972); *Commonwealth v. Vassiljev*, 218 Pa.Super. 215, 275 A.2d 852 (1971). Furthermore, our Court has determined that police officers who come upon an intoxicated person sitting in an automobile with the lights and engine off are not actually viewing the commission of the misdemeanor of driving while intoxicated and are therefore not justified in making a warrantless arrest. *Commonwealth v. Kriner*, 234 Pa.Super. 230, 338 A.2d 683 (1975). In the case before us, officers Conley and Kovel did not personally observe appellant in the act of driving while intoxicated, and were therefore not justified in arresting appellant without first securing a warrant. It is well settled that evidence obtained as "fruit" of an illegal arrest is inadmissible and must be

1. Act of April 29, 1959, P.L. 58, § 1037, 75 P.S. § 1037.

suppressed, *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) ; it is also well settled that evidence is *admissible* if it falls within the observation or "plain view" of police who are justifiably in position to make the observation. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Commonwealth v. Stoner,* 236 Pa.Super. 161, 344 A.2d 633 (1975). We find that police officers Conley and Kovel were justified in stopping to investigate a car partially blocking two turnpike lanes, and were justified in leading appellant to a position of safety; that appellant was not arrested until he was placed in the patrol car for transportation to the police barracks;[2] and that evidence, including the results of the breathalyzer test, obtained by the police pursuant to the illegal arrest, must be suppressed. Since the police were justifiably in position to observe appellant's drunken condition at the time they stopped to render assistance, they may testify as to their observations made prior to the illegal arrest.

Reversed and remanded for new trial.

SPAETH, J., concurs in the result.

PRICE, J., dissents.

2. See *Commonwealth v. Kriner, supra.*