## Commonwealth v. Andres

*James A. Meyer*, for Commonwealth.
*George Daghir*, for defendant.

GREINER, *P.J.*, May 2, 1979—By stipulation, the Commonwealth and counsel for defendant have presented for the court's determination a single issue of the distinction, if any, in the applica-

tion of section 3731 of the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §3731(a)(1), and section 1037 of The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §1037.

The prior statute, 75 P.S. §1037, provided that it is unlawful "for any person to *operate* a motor vehicle . . . while under the influence of intoxicating liquor . . ." (Emphasis supplied.)

Section 3731(a)(1) of the Vehicle Code, effective July 1, 1977, 75 Pa.C.S.A. §1037(a)(1), provides that: "A person shall not *drive* any vehicle while: (1) under the influence of alcohol to a degree which renders the person incapable of safe driving." (Emphasis supplied.) Defendant contends there is a distinction between "operate" and "drive." The Commonwealth and defendant agree upon the following factual situation with but one minor variation.

Defendant was found by the arresting officer, Robert Donachy of the Benzinger Township Police, seated in his automobile behind the wheel at three a.m., on August 12, 1978. The vehicle was parked on the north berm of the Bucktail Trail, Pennsylvania Highway Route No. 120, in Benzinger Township, Elk County, Pa., facing east, i.e., on the left-hand berm in the direction which his vehicle was pointed. The headlights were on high beam and the engine was running. The car was not in motion at any time under the observation of the arresting officer and defendant was sitting behind the wheel apparently asleep. The only variable is that Officer Donachy places the right rear wheel tire completely on the edge of the pavement and the front right tire just touching it, whereas defendant claims that the right rear tire was "just touching the travel portion of the highway." Even accepting defendant's version we deem it to be an admission that all of the

vehicle was not completely off the travel portion of the highway.

The term "driver," at 75 Pa.C.S.A. §102, is defined as "[a] person who drives or is in actual physical control of a vehicle." We cannot accept defendant's position that the term "operate" does not include "driving" or being in "actual physical control." Judge Hoffman, in Com. v. Kriner, 234 Pa. Superior Ct. 230, 338 A. 2d 683 (1975), cited Com. v. Kallus, 212 Pa. Superior Ct. 504, 243 A. 2d 483 (1968), which held that while it is unnecessary that the vehicle itself be in motion, it is required that "'the operator [be] in actual physical control of the movements of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself.'" He also held "that there is probable cause to arrest when the 'appellant was seated behind the wheel, there was a strong odor of alcohol, the car was parked mostly on the highway, the motor was running, and the lights were on.'" Com. v. Kloch, 230 Pa. Superior Ct. 563, 327 A. 2d 375, 384 (1974). In the factual context presented by Kloch, we held: "From what they saw the troopers could reasonably infer that appellant had driven to the spot where they found his car, stopped there without pulling completely off the highway, left the motor running to provide some warmth, left the lights on to provide some safety, and then had fallen asleep. In short, they could reasonably infer that the car was where it was and was performing as it was because of appellant's choice, from which it followed that appellant was in 'actual physical control' of and so was 'operating' the car while he slept." It is therefore apparent that the definition of "driver" which includes "actual physical control of a vehicle" has been interpreted by our appellate courts as synonymous with "operating."

610

We feel this interpretation is further supported by the Statutory Construction Act of 1972, 1 Pa.C.S.A. §1501 et seq. Section 1901 of 1 Pa.C.S.A. provides that: "In the construction of the statutes of this Commonwealth, the rules set forth in this chapter shall be observed, unless the application of such rules would result in a construction inconsistent with the manifest intent of the General Assembly." Section 1903(a) of 1 Pa.C.S.A. provides in part: "Words and phrases shall be construed according to rules of grammer and according to their common and approved usage . . ."

Similarly 1 Pa.C.S.A. §1922(1) provides: "That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable," and at subsection (5): "That the General Assembly intends to favor the public interest against any private interest." We therefore hold that under the circumstances defendant was a "driver" and was "driving" the vehicle in question and further hearing thereon, jury and/or non-jury, will be scheduled at the request of either the Commonwealth or defendant subject to the calendar of the court.