## Commonwealth v. Wenzel

*John E. Kusturiss, Jr., Assistant District Attorney*, for Commonwealth.
*John W. Lauffer*, for defendant.

GARDNER, *P.J., Specially Presiding*, February 4, 1980—After jury trial concluded on July 11, 1979, defendant was convicted of violating section 3731 of the Vehicle Code of June 17, 1976, P.L. 162, sec. 1, 75 Pa.C.S.A. §3731—Driving under influence of alcohol.*

The matter is now before this court on defend-

---

*Defendant was also convicted of the accompanying offense, arising out of the same episode, of possession and transportation of intoxicating beverages.

ant's motion for new trial and/or in arrest of judgment.

We believe that an arrest of judgment must be granted, because the Commonwealth failed to prove that defendant was driving an automobile in the incident which gave rise to the above-captioned charge.

The only evidence relevant to the issue was that defendant was first observed sitting in the operator's position in a parked automobile with the lights on and motor running.

Under the prior statute, Act of April 29, 1959, P.L. 58, sec. 1037, 75 P.S. §1037, the Commonwealth was required to prove that defendant was "operating" a vehicle, and the evidence received in the instant case would have been sufficient: Com. v. Kriner, 234 Pa. Superior Ct. 230, 338 A. 2d 683 (1975).

However, on July 26, 1979, a three-judge panel of the Pennsylvania Superior Court held that the use of the word "drive" under the Act of 1976, supra, changed the law, that "drive" was more restrictive than "operate," and that "evidence must be adduced showing that the vehicle was . . . in motion." Com. v. Brown, _____ Pa. Superior Ct. _____, 407 A. 2d 1318 (1979).

We are of the opinion that Brown rules us and that defendant was wrongfully convicted.

The district attorney attempts to distinguish Brown by pointing out its exact factual context dealt with the lawfulness of a jury charge which assumed that "drive" was synonymous with "operate" and that the instruction in the instant matter did not include a statement that defendant's car need not be in motion.

We do not agree with the evaluation of the Brown

holding made by the district attorney. That case clearly states that the evidence must show that defendant's vehicle was in motion under the guidance of defendant. No such evidence was here received.

## ORDER

And now, February 4, 1980, for the reasons set forth in the opinion of even date filed in the above-captioned matter, it is ordered that the motion in arrest of judgment heretofore filed in the above-captioned matter by defendant be and the same is hereby granted, and defendant be and is hereby discharged on the charge of driving under the influence of alcohol.

Defendant is directed to appear before this court on a day and at a time to be set by the court administrator or other appropriate officer for the purpose of imposition of sentence on the summary conviction of the offense of possession and transportation of intoxicating beverages.