J-S55023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CAL HEIDELBERG, JR., | |
| Appellant | No. 325 WDA 2015 |

Appeal from the Judgment of Sentence Entered January 26, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000991-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:             **FILED SEPTEMBER 29, 2015**

Appellant, Cal Heidelberg, Jr., appeals *pro se* from the judgment of sentence of six to twelve months' incarceration, imposed after he was convicted, following a non-jury trial, of possession of cocaine, possession of marijuana, possession of drug paraphernalia, and operating a vehicle without an official certificate of inspection.[1]  We affirm.

On March 28, 2014, Officer Adam Edmonds of the Erie Police Department conducted a traffic stop of Appellant's vehicle.  During the course of the stop, Officer Edmonds conducted a protective sweep of Appellant's vehicle and discovered crack cocaine.  Accordingly, Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant waived his right to counsel prior to the start of his trial.  He raises no issue concerning the validity of that waiver herein.

arrested and a warrant was obtained to conduct a second search of the vehicle. That search yielded marijuana and a glass pipe with cocaine residue.

Based on the contraband recovered from his car, Appellant was charged with the above-stated offenses. On June 25, 2014, he filed an omnibus pretrial motion seeking, *inter alia*, the suppression of the evidence found in his vehicle because his arrest was illegal. The court conducted a hearing on August 21, 2014. On October 30, 2014, the court issued an order and opinion denying Appellant's motion.

Appellant proceeded to a non-jury trial on November 10, 2014, after which he was convicted of the offenses stated *supra*. On January 26, 2015, the court sentenced Appellant to an aggregate term of six to twelve months' incarceration, plus several fines. Appellant filed a timely post-sentence motion, which the court denied on February 9, 2015. Appellant then filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) statement. The court filed a Rule 1925(a) opinion on April 22, 2015. Herein, Appellant presents eight questions for our review. Based on those questions and Appellant's argument, we summarize and consolidate his issues as follows:

> 1. Did the trial court err by denying Appellant's motion to suppress, where Appellant's arrest was illegal because there was no arrest warrant supported by an affidavit of probable cause?
>
> 2. Was the court's verdict contrary to the weight of the evidence?
>
> 3. Did the trial court err by permitting Officer Edmonds to testify when he was the "affiant" in this case?

*See* Appellant's Brief at 2.

Appellant focuses the majority of his argument on claiming that his arrest was illegal and, thus, the court should have granted his motion to suppress the evidence recovered from his vehicle. Our standard of review for such a claim is as follows:

> In reviewing an order from a suppression court, we consider the Commonwealth's evidence, and only so much of the defendant's evidence as remains uncontradicted. We accept the suppression court's factual findings which are supported by the evidence and reverse only when the court draws erroneous conclusions from those facts.

*Commonwealth v. Hoopes*, 722 A.2d 172, 174-75 (Pa. Super. 1998).

Appellant maintains that, because Officer Edmonds arrested him without obtaining a warrant supported by an affidavit of probable cause, his arrest was illegal. However, our Supreme Court has explained:

> [L]aw enforcement authorities must have a warrant to arrest an individual in a public place unless they have probable cause to believe that 1) a felony has been committed; and 2) the person to be arrested is the felon. A warrant is also required to make an arrest for a misdemeanor, unless the misdemeanor is committed in the presence of the police officer. The legislature, however, has authorized law enforcement officers to make warrantless arrests for misdemeanors committed outside their presence in certain circumstances.

*Commonwealth v. Clark*, 558 Pa. 157, 735 A.2d 1248, 1251 (1999) (citations omitted).

> In order to determine whether probable cause exists to justify a warrantless arrest, we must consider the totality of the circumstances. *Id.* at 1252; *see also Illinois v. Gates*, 462 U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of

reasonable caution in the belief that an offense has been or is being committed," and must be "viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training." *Clark, supra* at 1252 (quotation omitted). As we have stated:

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a *probability,* and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

> *Commonwealth v. Thompson,* 604 Pa. 198, 985 A.2d 928, 931 (2009) (emphasis in original; citations and quotation marks omitted).

*Commonwealth v. Martin*, 101 A.3d 706, 721 (Pa. 2014).

Based on our Supreme Court's discussion, it is clear that Appellant's contention that his arrest was illegal *solely* because Officer Edmonds did not possess an arrest warrant is meritless. While Appellant goes on to baldly state that Officer Edmonds did not possess probable cause to arrest him, he does not present any further discussion to support that assertion. *See* Appellant's Brief at 12. In any event, we conclude that the following facts, summarized by the trial court in its opinion denying Appellant's motion to suppress, demonstrate that Appellant's arrest was lawful:

> On March 28, 2014, at approximately 11:50 a.m., … Officer [] Edmonds was working regular patrol and was driving northbound in the 1200 block of Parade Street, Erie, Pennsylvania, in a fully marked police cruiser and while wearing full police uniform. [Appellant] was simultaneously driving a

1997 BMW 528 southbound on Parade Street. As the vehicles approached each other, Officer Edmonds noticed that [Appellant's] vehicle displayed an inspection sticker with an expiration date of September 2013. Officer Edmonds subsequently made a U-turn and drove up behind [Appellant's] vehicle. [Appellant] made a right hand turn [from] Parade Street [o]nto East 13th Street, heading west. Officer Edmonds followed [Appellant] and initiated a traffic stop at the 300 block of East 13th Street. Officer Edmonds believed this to be a "high crime area."

Officer Edmonds testified that [Appellant] was the only person in the vehicle and that he had his window down. As the Officer approached the rear of the vehicle he was able "to detect a strong odor of unburnt marijuana emitting from the vehicle." Officer Edmonds testified that he has specialized training to detect marijuana by sight and odor. Specifically, he stated[,] "That's one thing, during the police academy we're introduced to the difference between the smell of burnt and unburnt marijuana, as well as I have been involved in numerous drug cases and made numerous drug arrests involving marijuana."[2]

[2] Officer Edmonds testified that he has been a police officer with the City of Erie Police Department for approximately a year and a half.

Officer Edmonds approached the driver's window of [Appellant's] car and advised him of the reason for the traffic stop. [Appellant] subsequently reached into his glove box to retrieve his insurance and registration paperwork. The Officer testified that he had "a pretty good vantage point" of the glove box and could see only miscellaneous papers. After [Appellant] retrieved his driver's license, car insurance and registration, Officer Edmonds asked if there was anything in the vehicle he "needed to know about, such as marijuana specifically." [Appellant] answered that he did not have anything in the vehicle.

Officer Edmonds subsequently returned to his vehicle to run [Appellant's] license. At some point, he called for back-up. As he waited for back-up, he noticed [Appellant's] making furtive movements. Specifically, Officer Edmonds testified, "[Appellant] was reaching down towards the center console in the glove-box area. I seen [sic] his shoulder dip multiple times."

Subsequently, at approximately 12:25 p.m., City of Erie Police Officer James Langdon responded to the 300 block of East 13th Street to assist Officer Edmonds in a marked one-man police vehicle and in full police uniform. Officer Landon [*sic*] admitted that he was "familiar" with [Appellant] and knew he had a "history of drug and firearms violations."

Officer Langdon approached Officer Edmonds in his vehicle and informed him that [Appellant] was "known to carry firearms and controlled substances, to be violent." Consequently, Officer Edmonds ran a criminal history check. The criminal history check returned prior arrests for offenses involving drugs, guns and assaults. Consequently, "based on the history, the location of the stop, and the furtive movements in the vehicle [the officers] decided it was – for officer safety it was best to pull the driver out of the vehicle, conduct [a] protective sweep of the vehicle and [a] *Terry*[2] frisk of [Appellant]."

The two officers approached [Appellant's] vehicle together, and Officer Edmonds asked [Appellant] to step out of the vehicle. Officer Langdon frisked him for weapons. Meanwhile, Officer Edmonds conducted a protective sweep of the glove box, the center console area and the immediate area around the driver's seat. When Officer Edmonds checked the glove box, he discovered it was now locked. However, Officer Edmonds testified that he saw in the open console, in plain view, a pill bottle with a partially torn label and a ChapStick container. Officer Edmonds testified that he could not tell what was in the pill bottle at that time. The ChapStick container was a solid white container with no label. The contents of the ChapStick container were not immediately apparent. However, Officer Edmonds testified that the pill bottle "[h]ad a partially torn label, so it's common that there is – you know, you would suspect that there is contraband type of pill in there." Similarly[,] in regard to the ChapStick container, Officer Edmonds claimed, "through training and experience, I've come in contact with numerous people that have carried their controlled substance inside a ChapStick container." Officer Edmonds, therefore, shook the ChapStick container and it "[s]ounded like there were rocks

_____

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

inside." Officer Edmonds subsequently opened the container and discovered what he recognized as crack cocaine. Officer Edmonds testified that "[d]uring the protective sweep the odor of marijuana was not quite as strong as it was during the initial contact, but there was still a faint odor of unburnt marijuana being detected."

At that time, Officer Edmonds stopped the search and advised Officer Langdon to take [Appellant] into custody.

Trial Court Opinion (TCO), 10/30/14, at 1-4 (unnumbered; citations to record omitted).

The evidence presented at the suppression hearing demonstrated that prior to arresting Appellant, Officer Edmonds recovered a small amount of crack cocaine from Appellant's vehicle, which constitutes a misdemeanor offense. **See** 35 Pa.C.S. § 780-113(a)(16) (stating it is a crime to "knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act"); 35 Pa.C.S. § 780-113(b) (directing that a person who violates section 780-113(a)(16) is guilty of a misdemeanor). Again, "police may make a warrantless arrest for a misdemeanor … when the misdemeanor is committed in the presence of the arresting officer." **Commonwealth v. Gallagher**, 363 A.2d 1274, 1275 (Pa. Super. 1976). Here, Appellant possessed the crack cocaine in the presence of Officer Edmonds. Accordingly, the officer had probable cause to conduct a warrantless arrest of Appellant.[3]

_____

[3] We note that Appellant does not challenge the legality of Officer Edmonds' stop and/or search of his vehicle.

Appellant also seems to argue that even if Officer Edmonds lawfully arrested him at the scene, his detention was illegal because it could only be for a "brief period" of time before a "judicial determination of probable cause by a neutral magistrate" was required. Appellant's Brief at 12-13. Appellant is correct that pursuant to Pa.R.Crim.P. 519(A)(1), "when a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay." Here, the record indicates that at 7:30 p.m. on the day Appellant was arrested, *i.e.* March 28, 2014, a preliminary arraignment was held before the Magisterial District Judge. Appellant does not contend that the interim of time between his arrest and his preliminary arraignment exceeded that which is permitted by Rule 519(A)(1). Accordingly, Appellant's argument that his arrest was illegal on this basis is meritless, as well.

Next, Appellant avers that the court's verdicts were contrary to the weight of the evidence. In his scant argument in support of this issue, Appellant "asserts the court gave too great weight to the testimony regarding the evidence that [was] obtained illegaly [*sic*]." Appellant's Brief at 9. Appellant also states that, "the verdicts were against the weight of the evidence … because of [Officer Edmond's] testimony." **Id.** It seems that Appellant is contending that Officer Edmonds illegally seized the evidence

recovered from Appellant's car and, thus, the court should not have afforded any weight to the officer's testimony.[4]

Initially, to properly preserve a challenge to the weight of the evidence, that claim must be raised before the trial court. Pa.R.Crim.P. 607(A) (stating that a weight-of-the-evidence claim must be raised before the trial court orally or in a written motion prior to sentencing, or in a post-sentence motion). While Appellant asserts that his weight-of-the-evidence issue was preserved by his filing of a post-sentence motion entitled "motion in arrest of judgment," our review of that motion reveals that Appellant did not raise a challenge to the weight of the evidence therein. Instead, Appellant stated, in pertinent part, that an "arrest of judgment" should be granted because "a substantial error appear [*sic*] on the face of the record that vitiates the entire proceedings, as well as the judgement [*sic*] of trial." Post-Sentence Motion, 2/3/15. Additionally, our review of the sentencing proceeding reveals that, while Appellant did make "an oral motion for extraordinary relief under Pennsylvania Rule of Criminal Procedure 704(B)[,]" he explained that his motion pertained to his ostensibly "illegal arrest." N.T. Sentencing 1/26/15, at 6-7. Because Appellant did not mention any challenge to the weight of the evidence orally before the sentencing court, or in his written post-sentence motion, this claim is waived

_____

[4] Appellant does not explain how or why Officer Edmonds' seizing of the evidence was unlawful.

for our review.[5] *See Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (finding a weight of evidence claim waived where the appellant failed to raise it in a pre-sentence motion, did not address the issue orally prior to sentencing, and did not raise it in a post-sentence motion).

Finally, Appellant presents the following argument, which we reproduce verbatim, pertaining to the purportedly improper admission of Officer Edmond's testimony:

> The lower court has intentionally knowingly and recklessly abused it's dis cretion allowing the commonwealth,s Ptl.Edmond testify on behalf of the commonwealth as being the affiant in this instant case pertinent to Heidelberg's arrest.At most Ptl.Edmond

_____

[5] Moreover, Appellant's specific argument that the court should not have afforded weight to Officer Edmond's testimony is waived on another basis, as well.  In his Rule 1925(b) statement, Appellant stated, verbatim, his challenge to the weight of the evidence as follows:

> There are No Authorized Statute Nor Codified Statute termed "IN-CUSTODY ARREST WARRANT" that allow the commonwealth to "ARREST" without a JUDICIAL DETERMINATION OF PROBABLE CAUSE" by a Neutral Magistrate, "Therefore, the verdict of guilty has to be against the weight of the evidence.

Rule 1925(b) Statement, 3/4/15, at 2 (unnumbered).  Appellant's framing of this issue in his Rule 1925(b) statement does not correlate with the argument he presents in his brief to this Court.  Accordingly, we conclude that Appellant's weight-of-the-evidence claim is waived on this basis, as well.  *See* Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

can pose for in this case being would be an officer whom performed an invalid arrest, "Ptl.Edmond,may witness to that fact only,not the affiant in this instant case.Commonwealth do not have any officer whom swore out an affidavit of probable cause nor any sworn statements to an issuing authority under oath reference to Heidelberg's arrest.

Appellant's Brief at 14.

From what we can ascertain, Appellant believes Officer Edmonds' testimony was inadmissible because the officer was the 'affiant' of the criminal complaint. We first note that Appellant fails to identify where in the record he lodged an objection to the officer's testimony on this basis; thus, his claim is waived for our review. *See Commonwealth v. Foreman*, 797 A.2d 1005, 1016 (Pa. Super. 2002) ("In the absence of an appropriate objection made when the evidence is proffered at trial, the issue is not preserved for appeal and the applicable rule of evidence is waived.") (citation omitted). In any event, Appellant provides no legal authority to support his contention that Officer Edmonds' testimony was inadmissible because he was the affiant of the criminal complaint. Accordingly, even had Appellant not waived this claim, we would deem it meritless.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2015