J-A12041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAL HEIDELBERG | : | |
| | : | |
| Appellant | : | No. 1342 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 20, 2019,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0002293-2018.

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED SEPTEMBER 11, 2020**

Cal Heidelberg appeals from the judgment of sentence imposed following his convictions for possession with intent to deliver (PWID), possession, firearms not to be carried without a license, possession of a small amount of marijuana, and possession of drug paraphernalia.[1]   On appeal, Heidelberg contends that the trial court erred in denying his motion to suppress.   Upon review, we vacate the judgment of sentence and remand for a new trial.

In disposing of Heidelberg's motion to suppress, the trial court set forth the following facts:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. 780-113(a)(30), 35 P.S. 780-113(a)(16), 18 Pa.C.S.A. 6106(a)(1), 35 P.S. 780-113(a)(31), and 35 P.S. 780-113(a)(32).

> [While on routine foot patrol,] the police [saw Heidelberg] leave his vehicle and go onto the porch of a nearby house. [After contacting dispatch, the police learned that Heidelberg had an outstanding sheriff's warrant.] The police went onto the porch and arrested [Heidelberg] pursuant to [the] outstanding warrant. The police thereafter went to [Heidelberg's] vehicle, which was parked illegally, to make sure it was secure. The police saw through the car windows a bag of what appeared to be crack cocaine in the [driver's] seat. The police also saw two bags of what appeared to be crack cocaine in the cup holder. [The police seized these items.] The police then stopped any further search of the car and arranged for the car to be towed to the Erie City garage. Thereafter, the police obtained a search warrant. The subsequent search of the vehicle revealed additional narcotics, paraphernalia, and a firearm.

Order, 1/30/19, at 1. Heidelberg was charged with various drug and firearm offenses.

Heidelberg filed a motion to suppress evidence of the contraband found in his car. Following a hearing, the trial court denied his motion. The case proceeded to a jury trial where Heidelberg was convicted of one count of PWID, four counts of possession, one count of firearms not to be carried without a license, one count of possession of a small amount of marijuana, and one count of possession of drug paraphernalia. On August 20, 2019, the trial court sentenced Heidelberg to six (6) to eleven (11) years of imprisonment and one year of probation.

Heidelberg filed a timely appeal under the prisoner mailbox rule.[2] Heidelberg and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Heidelberg raises the following four issues on appeal:

(1) Did the trial court abuse its discretion in denying [Heidelberg's] motion to suppress and that police had no grounds to detain or question [Heidelberg] where [the police's belief] that [Heidelberg] had a Sheriff's warrant for his arrest was based on false information, the fruits of the illegal arrest and search should have been suppressed as required by the Fourth Amendment of the United States Constitution and Article I Section 8 of the Pennsylvania Constitution?

(2) Did the trial court abuse its discretion in denying [Heidelberg's] motion to suppress when the visual contact between Magistrate and Affiant required under Pa. R. Crim. P. 203 (c), where the Affiant who sought the warrant via - advanced communication technology rather than in person was missing, given that the warrant was procured by telephone and/or fax only?

(3) Did the trial court abuse its discretion in denying [Heidelberg's] [m]otion to [s]uppress where the actual search warrant, affidavit(s) and inventory of the items seized were never filed with the Clerk of Courts as required by Pa. R. Crim. P. 210?

(4) Did the trial court abuse its discretion in denying [Heidelberg's] [m]otion to [s]uppress where the trial court did not consider the [cumulative] effect of all the violations taken together, which would have been fatal to the warrant itself?

Heidelberg's Brief at ii.

The standard of review for an appeal from a denial of a motion to suppress is:

_____

[2] **See generally**, **Commonwealth v. Brandon**, 51 A.3d 231 (Pa. Super. 2012).

whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error. Our scope of review is limited; we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Commonwealth v. Galendez*, 27 A.3d 1042, 1045 (Pa. Super. 2011) (citation omitted). Additionally,

[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony. The suppression court is also entitled "to believe all, part or none of the evidence presented. Finally, at a suppression hearing, the Commonwealth has the burden of establish[ing] by a preponderance of the evidence that the evidence was properly obtained.

*Id.* at 1046 (quotations and citations omitted). "[A]ppellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pretrial motion to suppress." *Commonwealth v. Bush*, 166 A.3d 1278, 1281 -82 (Pa. Super. 2017) (citation omitted).

In his first issue, Heidelberg claims that the trial court erred in denying his motion to suppress evidence of the drugs, paraphernalia, and firearm found in his vehicle. Specifically, Heidelberg claims that there was no sheriff's arrest warrant to allow the police to apprehend him initially as they claimed. Notably, the Commonwealth did not present any arrest warrant at the suppression hearing. Heidelberg's Brief at 11-12. Alternatively, Heidelberg claims that, if there was a valid sheriff's warrant for his initial arrest, there

was no arrest warrant supported by probable cause to arrest him on the new charges stemming from the discovery of contraband in his car. Instead, the Commonwealth only offered the criminal complaint. *Id.* at 15. Thus, according to Heidelberg, because the drugs, paraphernalia, and firearm were obtained as a result of illegal arrests, the trial court should have suppressed this evidence. *Id.* at 10.

The trial court found that Heidelberg's arrest, made pursuant to an outstanding sheriff's warrant, and subsequent search of his vehicle, were legal. Therefore, under the circumstances of this case, the trial court summarily concluded that the drugs, paraphernalia, and firearm were obtained legally from Heidelberg's car. Order, 1/30/19, at 1. We disagree.

We begin our review by considering the legality of Heidelberg's arrest. The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures. *See Commonwealth v. Brown*, 996 A.2d 473, 476 (Pa. 2010). To conduct a lawful arrest (seizure of a person), law enforcement officers must have a warrant unless they have probable cause to believe that: 1) a felony has been committed; and 2) the person to be arrested is a felon. A warrant is also required to make an arrest for a misdemeanor, unless the misdemeanor is committed in the presence of the police officer. *Commonwealth v. Clark*, 735 A.2d 1248, 1251 (Pa. Super. 1999). The Commonwealth has the burden to establish by a preponderance of the evidence that an arrest was lawful at a suppression hearing. *Commonwealth*

- 5 -

***v. Murray***, 2019 WL 6840599, at \*3 (Pa. Super. 2019) (unpublished memorandum).

At the suppression hearing in this case, the Commonwealth asserted that there was an outstanding sheriff's warrant for Heidelberg's arrest. Officer Langdon testified that, when he saw Heidelberg during his patrol, he contacted dispatch and was told that there was an outstanding warrant for Heidelberg. Based upon that information, the police arrested Heidelberg. However, this testimony alone was insufficient for the Commonwealth to establish that Heidelberg's arrest was made pursuant to a valid arrest warrant, and therefore legal. ***See id.***, at \*3 fn. 4.

In ***Murray***, the defendant claimed that the Commonwealth failed to show at his suppression hearing that an arrest warrant existed before the time of his arrest, and therefore, the drugs found during a search incident to his arrest should have been suppressed. At the hearing, the arresting officer testified that another officer verbally told him that there was a warrant for Murray's arrest after checking the NCIC database. The Commonwealth also produced a copy of the warrant itself. Although the warrant did not show the time of issuance, the officer's testimony indicated that it would not have come up in the NCIC system if it had not already been issued. Under these facts, we concluded that the Commonwealth met its burden in establishing the validity of Murray's arrest, and we affirmed the trial court's denial of Murray's suppression motion. ***Id.***, at \*3. Significantly, we noted that, if the

Commonwealth had failed to produce the arrest warrant at the suppression hearing, our decision would have been different. *Id.*, at * 3 fn. 4.

Here, although Officer Langdon testified that he was told there was a sheriff's warrant for Heidelberg's arrest, the Commonwealth did not submit the arrest warrant into evidence at the hearing. As this Court observed in *Murray*, without this evidence, the Commonwealth could not meet its burden to establish the validity of the arrest in issue. Furthermore, the Commonwealth presented no other evidence of probable cause to support Heidelberg's initial arrest. We, therefore, conclude that the Commonwealth failed to demonstrate that Heidelberg's initial arrest was legal.

We next consider whether the police legally obtained the contraband found in Heidelberg's car following his unlawful arrest. Generally, the remedy, in criminal cases, for illegal searches and seizures in contravention of the Fourth Amendment and Article I, Section 8 "is exclusion of the fruits of the illegal police conduct" (the exclusionary rule). *Commonwealth v. Johnson*, 86 A.3d 182, 187 (Pa. Super. 2014). When an officer makes an unlawful arrest, any evidence seized as a result of that arrest must be suppressed. *See Commonwealth v. Lovette*, 450 A.2d 975, 981 (Pa. 1982) (holding that where an arrest was made without probable cause, and therefore, illegal, the defendant's identification of incriminating evidence following that arrest must be suppressed); *Johnson*, 86 A.3d at 187 (holding that evidence obtained following arrest based upon invalid arrest warrant must be suppressed despite officer's belief that the warrant was valid); *see also*, *Commonwealth v.*

*Dial*, 445 Pa. 251, 256, 285 A.2d 125, 128 (Pa. 1971) (holding that where the defendant's arrest for malicious loitering was invalid, the evidence seized incident to such arrest must be suppressed).

As discussed above, Heidelberg's initial arrest was illegal. The police only approached Heidelberg's car because they had arrested him and sought to secure his belongings. At the suppression hearing, Officer Langdon explained upon Heidelberg's questioning that "***the reason we went to the car is because you were under arrest***. . . . It's my duty as a police officer to secure your items the best I can because you're not going to have access to them, and with the active Erie County Sheriff['s] warrant I knew you were going to the Erie County Prison." N.T., 1/28/19, at 18 (emphasis added). When the officers got to Heidelberg's car, the officers saw three bags of suspected cocaine inside, and then seized them. Because the seizure of those drugs stemmed from Heidelberg's illegal arrest, the trial court should have suppressed that evidence in accordance with the exclusionary rule.

Although there are exceptions to the exclusionary rule such as the independent source and the inevitable discovery rule which may allow for admission of tainted evidence under appropriate circumstances, the Commonwealth has not asserted that any of these exceptions applies. Instead, the Commonwealth claimed that the drugs initially seized were in plain view through the open window of Heidelberg's vehicle, and therefore were legally obtained under the plain view doctrine. Under the "plain view doctrine," a warrantless seizure is permissible if the following three conditions

are met: (1) an officer views the object from a lawful vantage point; (2) it is immediately apparent to him that the object is incriminating; and (3) the officer has a lawful right of access to the object. **Commonwealth v. Brown**, 23 A.3d 544 (Pa. Super. 2011) (citing **Horton v. California**, 496 U.S. 128 (1990)).

In this case, the officer indisputably had a right and duty to be on the public street where Heidelberg's car was parked. However, the reason he had a "plain view" of the drugs initially seized from Heidelberg's car was because of the police's unlawful act of arresting Heidelberg. The police approached Heidelberg's car, parked three car lengths away from where he was arrested, as a result of his arrest. The police must not "violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed." **Horton**, 496 U.S. at 136. "(I)nherent in the plain view doctrine is the principle the seized object must not have been put in plain view as a result of unlawful police conduct." **Commonwealth v. Jeffries**, 311 A.2d 914, 918 (Pa. 1973); **see also**, **Myers**, 361 A.2d at 885–86; **Commonwealth v. Gallagher**, 363 A.2d 1274, 1275–76 (Pa. Super. 1976) (holding that evidence in plain view prior to the police's illegal arrest of the defendant, when they were justifiably in a position to observe the defendant's drunken condition, was admissible, but evidence obtained after his illegal arrest should have been suppressed). Consequently, that the drugs were in plain view does not negate the fact that they were seized **after** Heidelberg's unlawful arrest. Consequently, the trial court should have suppressed the drugs.

Additionally, even though the police later obtained a search warrant for his car, this warrant was based solely on the evidence the police found after their illegal arrest of Heidelberg. As such, the evidence seized pursuant to this warrant should have been suppressed as the "fruit of the primary illegality."[3] **Myers**, 361 A.2d at 896 (Pa. Super. 1976).

In conclusion, we find that the evidence seized as a result of Heidelberg's unlawful arrest should have been suppressed, and that the trial court erred in denying his suppression motion. In light of this disposition, we need not address the remainder of Heidelberg's argument under his first issue or his remaining issues.

---

[3] We also observe that the Commonwealth failed to present the affidavit of probable cause for this search warrant at the suppression hearing. Instead, the Commonwealth only offered the search warrant. However, Pennsylvania Rule of Criminal Procedure 203 provides in relevant part: "At any hearing on a motion for the return or suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (B)." Pa.R.Crim.P. 203(D). "It is the duty of a court reviewing an issuing authority's probable cause determination to ensure that the magistrate had a substantial basis for concluding that probable cause existed." **Commonwealth v. Torres**, 764 A.2d 532, 537–38 (Pa. 2001). Generally, this involves a review of the affidavit itself. Consequently, without the affidavit of probable cause, it is unclear how the trial court could have reached a conclusion as to whether there was sufficient probable cause, and thus, whether the Commonwealth obtained the evidence pursuant to a valid arrest warrant.

Judgment of sentence vacated.  Order denying suppression reversed.

Case remanded for a new trial.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/2020