J-S22018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH O. PETERS | |
| Appellant | No. 1287 WDA 2014 |

Appeal from the Judgment of Sentence July 11, 2014
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000514-2012
CP-62-CR-0000585-2012

BEFORE: PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED MAY 04, 2015**

Kenneth O. Peters appeals from the judgment of sentence imposed by the Court of Common Pleas of Warren County following his convictions for several offenses arising out of a motor vehicle accident and the subsequent discovery by police of Peters in control of a vehicle while intoxicated. After careful review, we affirm.

On September 28, 2012, at approximately 10:00 p.m., Justin Justice was driving his vehicle in Glade Township, Warren County, with his passenger, T.J. Danielson (T.J.). As they went around a corner, at thirty miles per hour, a dark-colored Ford pickup truck hit the side of the vehicle behind the driver's side headlight, and continued along the driver's side of

_____

[*] Retired Senior Judge assigned to the Superior Court.

the car up to the taillight. The truck drove off without stopping. When Trooper Gregory Murphy arrived on the scene, he found a piece of a red taillight, with distinctive red duct tape, along the side of the road and a foot-long piece of plastic that appeared to be part of the top of a pickup truck bumper. Justice's vehicle was taken to an impound lot.

That evening, T.J. told his brother, C.D. Danielson (C.D.), about the accident. At approximately 12:30 a.m. on September 29, 2012, Justice received a phone call from C.D. telling him that he saw a dark colored Ford pickup that matched the description of the one involved in the accident, parked partially in the road near 5th Avenue Extension and Jackson Avenue Extension. Someone was sleeping on the bench seat in the cab of the truck with his head toward the passenger door.

C.D. left the scene, picked up Justice and T.J. and drove them to the spot where he found the truck. When Justice saw the damage on the truck, he called the police.

When Officer Nicholas Bryan of the Warren City Police Department arrived at approximately 1:30 a.m., he saw that the lights and dome light of the truck were on, and that the engine was running. He looked inside and saw Peters "lying on his side in the area of the front seat of the truck, with his head towards the passenger's seat, and within reach of the controls of the pickup truck." Trial Court Opinion, 10/1/14, at 4. When Peters failed to respond to Officer Bryan knocking on the window, the officer opened the door, noticed the smell of alcohol, and woke Peters. Peters did not know

- 2 -

where he was or how he got there. Office Bryan directed Peters to turn off the engine and removed the keys.

Trooper Andrew Goss arrived on the scene, and recognized signs that Peters was intoxicated. During the course of their interaction, he noticed that Peters had a can of beer stuffed into his pant leg and another in his sock. He also determined that Peters had defecated on himself. The trooper administered field sobriety tests, which Peters failed, and at 1:50 a.m. the trooper placed Peters in his police vehicle to transport him to Warren General Hospital for a blood draw. The blood draw occurred at approximately 2:39 a.m., and revealed that Peters' blood alcohol content was between .14 and .17 percent

Police took Peters' truck to the same impound lot as Justice's vehicle. There, "Trooper Murphy was able to match the pieces of the vehicle left [at] the scene of the hit and run the previous night with the damage he observed on [Peters'] vehicle." *Id.* at 5.

On May 12, 2014, at the conclusion of a one-day trial, a jury convicted Peters of accident with damage to attended vehicle/property.[1] The court then found Peters guilty of violating statutes regarding driving on roadways laned for traffic,[2] driving a vehicle at safe speed,[3] and immediate notice of

_____

[1] 75 Pa.C.S. § 3743(a).

[2] 75 Pa.C.S. § 3309(1)(a).

accident to police department.[4]  The court also found him guilty of careless driving,[5] driving under the influence of alcohol high rate BAC,[6] and driving under the influence of alcohol general impairment.[7]

On July 11, 2014, the court sentenced Peters to five days to six months in the Warren County Prison for DUI, with credit for time served and immediate eligibility for parole.  On the count of accident with damage to attended vehicle/property, the court imposed a consecutive sentence of one year's probation.  The court also suspended Peters' operating privileges for eighteen months and imposed fines and mandatory surcharges for the summary offenses.

Peters filed a notice of appeal and in response to an order from the trial court, he filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on August 15, 2014.  On October 1, 2014, the trial court filed its Rule 1925(a) opinion.

This timely appeal followed in which Peters raises the following issues for our review:

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[3] 75 Pa.C.S. § 3361.

[4] 75 Pa.C.S. § 746(a)(2).

[5] 75 Pa.C.S. § 3714(a).

[6] 75 Pa.C.S. § 3802(b).

[7] 75 Pa.C.S. § 3802(a)(1),

1. Is the evidence sufficient to prove beyond a reasonable doubt that [Peters] was the driver of his vehicle at the time of the motor vehicle accident giving rise to the charges under Warren County Docket No, 585 of 2012?

2. Is the evidence sufficient to prove beyond a reasonable doubt that [Peters] drove, operated, or was in actual physical control of the movement of his truck on the occasion giving rise to the DUI charges?

3. Were the cases improperly consolidated as the facts giving rise to the case were several hours apart in time and there is insufficient evidence between the two cases?

Appellant's Brief, at 9.

Where an appellant challenges the sufficiency of the evidence, this Court "must determine whether the evidence and all reasonable inferences deducible therefrom, when viewed in the light most favorable to the verdict-winner . . . are sufficient to establish all elements of the crime charged beyond a reasonable doubt." *Commonwealth v. Rakowski*, 987 A.2d 1215, 1217 (Pa. Super. 2010) (quoting *Commonwealth v. Parker*, 957 A.2d 311, 317 (Pa. Super. 2008) (citations omitted)). Further, "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Abed*, 989 A.2d 23, 26 (Pa. Super. 2010) (citations omitted). "Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id*. at 26-27.

Peters argues that because no one testified that they saw him driving at the time of the accident, there was insufficient evidence that he

committed any offenses arising out of the accident. He relies primarily on the fact that at trial, both Peters and his sister testified that on the night in question their stepfather, who died prior to trial, drove the truck. However, Trooper Goss testified that Peters volunteered that "nobody had driven his vehicle, but him." N.T. Trial, 5/12/14, at 118.

Justice testified that a dark colored truck crossed into his lane of traffic striking his Honda Civic on the driver's side and rendering the vehicle inoperable. The truck drove away without the driver stopping to exchange information with Justice. Trooper Murphy later testified that when he arrived at the accident scene he recovered a piece of a rear tail light with red duct tape on it and a section of a rear bumper cover. The next day he matched those pieces up to missing portions of Peters' vehicle.

Officer Bryan testified that when he opened the cab of Peter's truck, there was "a moderate to strong odor of alcohol within the vehicle and when [Peters] was speaking with me. I also inquired if he had been drinking that night. And, he said, not for a while." *Id.* at 48. Trooper Goss testified that when he arrived on the scene, Peters "was definitely under the influence of alcohol at that point." *Id.* at 99.

John Graves, the laboratory manager at Warren General Hospital testified that the blood sample drawn from Peters revealed a BAC between .14 and .17 percent.

Viewed in the light most favorable to the Commonwealth as verdict winner, *Rakowski*, *supra*, the evidence was sufficient for the finder of fact

to conclude that Peters, while intoxicated, drove his truck into the opposing lane of traffic, struck Justice's vehicle causing significant damage, and fled the scene. The fact that the Commonwealth's case relied heavily on circumstantial evidence does not compromise the integrity of the verdicts reached by the jury and the trial court. ***Abed***, ***supra***. The testimony cited above, which the finders of fact credited, was sufficient to establish that Peters committed the offenses that arose out of the motor vehicle accident.

Peters next argues that the Commonwealth failed to present sufficient evidence to support his conviction for driving under the influence.

Section 3802 of the Motor Vehicle Law provides, in relevant part:

§ 3802. Driving under the influence of alcohol or controlled substance

(a) General Impairment.-

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

. . .

(b) High rate of alcohol.- An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1),(b).

Peters argues that even if he was the driver when the accident occurred, the Commonwealth did not prove that he was under the influence of alcohol at that time nor that he was in actual physical control of the truck when the police arrived. Appellant's Brief, at 12-13.

The term "operate" requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion. ***Commonwealth v. Johnson***, 833 A.2d 260 (Pa. Super. 2003). "A determination of actual physical control of a vehicle is based upon the totality of the circumstances." ***Commonwealth v. Williams***, 871 A.2d 254, 259 (Pa. Super. 2005) (citation omitted).

In ***Commonwealth v. Toland***, 995 A.2d 1242 (Pa. Super. 2010), this Court held that the Commonwealth presented sufficient evidence to establish actual physical control by the appellant of a vehicle "which appeared to be stationary in front of . . . a . . . store," ***id***. at 1244, with the engine running and the headlights illuminated while the defendant was sleeping in the driver's seat. The appellant had a cold, unopened six-pack of beer on the floor behind the driver's seat, and the store he was in front of did not sell alcoholic beverages. This Court held that a reasonable inference could be made that the appellant drove to the location.

Although Peters does not address ***Toland***, he refers to two other cases which have similar facts, ***Commonwealth v. Woodruff***, 668 A.2d 1158 (Pa. Super. 1995) (defendant sleeping while slumped over steering wheel as

- 8 -

car running and lights on) and **Commonwealth v. Crum**, 523 A.2d 799 (Pa. Super. 1987) (defendant sleeping behind steering wheel in running vehicle on side of road).  Peters distinguishes these cases from the instant matter because rather than slumping over the steering wheel, he tipped over sideways onto the bench seat of his truck.  We find this difference to be immaterial, and agree with the trial court that the Commonwealth proved beyond a reasonable doubt that Peters was in actual physical control of the vehicle while intoxicated.

Peters next asserts that the court by consolidating the two cases for trial.  Pa.R.Crim.P. 582 provides in relevant part:

Rule 582.    Joinder  –  Trial  of  Separate  Indictments  or Informations

(A)    Standards

(1)    Offenses charged in separate indictments or informations may be tried together if:

(a)    the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so there is no danger of confusion; or

(b)    the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1)(a-b).

Because the record reflects that Peters failed to raise a timely objection to the consolidation of the cases, we agree with the trial court that the issue is waived and cannot be addressed for the first time on appeal.

**See** Pa.R.A.P. 302(a) ("Issues not raise in the lower court are waived and cannot be raised on appeal.")

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2015