J-S54024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                             :            PENNSYLVANIA

             v.                    :

CHRISTOPHER S. HOFFER          :

            Appellant           :     No. 333 MDA 2019

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000463-2017

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:          **FILED OCTOBER 29, 2019**

Christopher S. Hoffer appeals from his judgment of sentence, entered in the Court of Common Pleas of Lebanon County, after a jury found him guilty of two counts of driving under the influence (DUI)—controlled substance.[1] Upon careful review, we affirm.

The facts of this case are as follows:

At trial, the Commonwealth called Travis Martin, a paramedic with First Aid and Safety Patrol of Lebanon[,] as a witness. Mr. Martin testified that on December 14, 2016, at approximately 3:00 P.M., he responded in an ambulance to a call at 4th and Pershing Streets in Lebanon. When he arrived, Mr. Martin found an unconscious male, later identified as [Hoffer], in the driver[-]side seat of a white sedan who was not breathing. The white sedan was positioned approximately four to five feet from the curb and the passenger[-]side window was broken. As Mr. Martin approached the vehicle, he observed that the engine was still running, the car was in drive, though not moving, and was situated on the

---

[1] 75 Pa.C.S.A. § 3802(d)(1)(ii); 75 Pa.C.S.A. § 3802(d)(2).

roadway. Mr. Martin then shifted the car into park and turned the car off.

Mr. Martin observed that [Hoffer] was pale, cyanotic, diaphoretic, wasn't breathing and had a faint heartbeat. Mr. Martin indicated that his experience informed him that symptoms exhibited by [Hoffer] were consistent with someone under the influence of opiates.

Mr. Martin was able to remove [Hoffer] from the vehicle and place [him] on a stretcher in the ambulance [where] Mr. Martin's partner began manual breathing on [Hoffer] and Mr. Martin administered Narcan in order to allow [Hoffer] to begin breathing. After reviving [Hoffer], Mr. Martin asked [Hoffer] standard questions, including what he had ingested, and [Hoffer] answer[ed] that he had ingested heroin. Mr. Martin then transported [Hoffer] to the hospital.

On cross-examination, Mr. Martin could not remember whether the vehicle was a push-start or key ignition and admitted that he did not include the fact that he placed the car in park and turned off the engine in his report. Furthermore, Mr. Martin stated that he did not take possession of any key or fob from [Hoffer] and he did not recall even seeing a key or fob on [Hoffer's] person.

. . .

The paramedics then transported [Hoffer] to Good Samaritan Hospital where Officer Bowman requested consent from [Hoffer] to administer a blood draw, to which [Hoffer] consented. The parties stipulated that the blood draw was consensual and was conducted in compliance with normal hospital procedures. The parties further stipulated that the blood samples were analyzed at MEDTOX Laboratories by Dr. Karla Walker and that Dr. Walker prepared a report detailing her determinations based on the sample testing. Officer Bowman then testified that morphine and amphetamine, both Schedule II controlled substances under Pennsylvania law, were found in the samples of [Hoffer's] blood.

On cross-examination, Officer Bowman stated that he could not recall whether the vehicle[']s engine was running when he arrived because he was focused on [Hoffer]. Officer Bowman further stated that no key or fob was recovered from the scene or on

[Hoffer's] person and that [Hoffer] never admitted to driving the vehicle.

[Hoffer] called Casey Bossler, [Hoffer's] girlfriend and the owner of the vehicle in which [Hoffer] was found, as a witness. Ms. Bossler testified that on December 14, 2016[,] she had driven the vehicle, with [Hoffer] as a passenger, to the 300 block of 4th Street and parked the vehicle as it was found. Ms. Bossler stated that she was in a hurry because she was supposed to meet a friend in order to attend her children's Christmas show. [Hoffer] needed to go somewhere else, and was making Ms. Bossler anxious so she decided to quickly park the vehicle on the street and have her friend pick her up where she parked. Ms. Bossler believed that she turned the car off when she left. Ms. Bossler left [Hoffer] at the vehicle and claimed that he did not have a key to the car.

Ms. Bossler stated that the vehicle is a push-start ignition in which a driver would need to have the key fob in order to start the vehicle, but [Hoffer] did not have the fob. Ms. Bossler asserted that she retained one of the fobs and the other was at her parents' house. Ms. Bossler arrived back at the scene later to find that her vehicle was being towed, but was able to retrieve the vehicle because she had the fob.

[Hoffer] next called Joseph Blauch as a witness. Mr. Blauch testified that on December 14, 2016, he was walking down the street and found an individual slumped over in a white sedan. Mr. Blauch called 9-1-1 and then attempted to gain access to the vehicle, eventually breaking the passenger[-]side window. Mr. Blauch could not remember how the vehicle was situated on the street and he did not take notice as to whether there were any keys or a fob in the vehicle, but stated that the engine was not running when he arrived. Mr. Blauch admitted that he knew [Hoffer] from high school, but denied being friends with [Hoffer].

Trial Court Opinion, 1/4/19, at 1–5 (citations to record omitted).

At the conclusion of the trial, the jury found Hoffer guilty on both DUI counts. On September 19, 2018, the court sentenced Hoffer to 7 days to 6 months' imprisonment. On October 1, 2018, Hoffer timely filed post-sentence

motions.[2]  The court denied the motions and Hoffer timely flied his notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Hoffer raises the following issues for our review:

(1)   The Commonwealth failed to present sufficient evidence at trial to prove beyond a reasonable doubt that Hoffer was in actual physical control of the operation of a motor vehicle while under the influence of a controlled substance[.]

(2)   The guilty verdicts were against the weight of the evidence.

Brief of Appellant, at 4.

Hoffer first challenges the sufficiency of the evidence in proving that he was in actual physical control of the vehicle while under the influence of a controlled substance.

We review Hoffer's sufficiency of the evidence claim under the following standard:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above  test, we  may  not [re-]weigh the evidence and substitute our judgment for [that of] the  fact-finder.   In  addition,  we  note  that  the  facts  and circumstances  established  by  the  Commonwealth  need  not preclude  every  possibility  of  innocence.   Any  doubts  regarding defendant's  guilt  may  be  resolved  by  the  fact-finder  unless  the evidence  is  so  weak  and  inconclusive  that  as  a  matter  of  law  no probability  of  fact  may  be  drawn  from  the  combined

---

[2] We note that Hoffer preserved the issue that the verdict was against the weight  of  the  evidence  in  his  post-sentence  motion.   *See* Pa.R.Crim.P. 607(A)(3).

circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Giordano*, 121 A.3d 988, 1002-1003 (Pa. Super. 2015).

The jury convicted Hoffer under two different subsections of section 3802, driving under the influence—controlled substance. 75 Pa.C.S.A. §§ 3802(d)(1)(ii); 3802(d)(2). "An individual may not drive, operate or be in actual physical control of the movement of a vehicle" if there is any amount of a Schedule II controlled substance in the individual's bloodstream that has not been medically prescribed to the individual. 75 Pa.C.S.A. § 3802(d)(1)(ii). Further, an individual may not drive, operate, or be in physical control of a vehicle when "[t]he individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate, or be in actual physical control of the vehicle." 75 Pa.C.S.A. § 3802(d)(2).

An individual is in "actual physical control" of a vehicle when he or she is in "control of the movements of either the machinery of the motor vehicle or of the management of the vehicle itself, without a requirement that the entire vehicle be in motion." *Commonwealth v. Crum*, 523 A.2d 799, 801–802 (Pa. Super. 1987). To prove that an individual was in actual physical control of the vehicle, a combination of evidence is considered, including:

whether the motor was running, the vehicle's location, and any other additional evidence to demonstrate the individual had driven the car. *Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008). The location of a vehicle is a key factor in finding control, and a suspect location of a vehicle supports an inference that the vehicle was driven. *Commonwealth v. Brotherson*, 888 A.2d 901, 905 (Pa. Super. 2005); *see also Crum*, 523 A.2d at 800 (finding actual physical control when car was found parked along side of road with headlights on and motor running); *see also Commonwealth v. Bobotas*, 588 A.2d 518, 521 (Pa. Super. 1991) (finding actual physical control when driver was found parked in ally with engine running).

Hoffer argues that the Commonwealth failed to prove that the engine was running, and, thus, that he was in actual physical control of the vehicle. We disagree. Hoffer bases his argument on the testimony of his girlfriend, Bossler, who stated that she parked the car and took the key fob. As a result, Hoffer would have been unable to start the car. N.T. Trial, 7/6/18, at 29. Hoffer also points to the testimony of Blauch, a high school acquaintance, who testified that when he approached the car, the engine was off. *Id.* at 38-40.

The Commonwealth, however, presented the testimony of Martin, a paramedic, who stated that when he responded to the scene, he found Hoffer in the car, unconscious, with the engine still running, and the car in drive. *Id.* at 5-8. Martin explained that he had to shift the car into park and turn the engine off. *Id.* at 7, 13-14. Further, the Commonwealth presented

photographs that showed the car situated on the roadway, four to five feet off the curb and parallel to the cross-street of the intersection. *Id.* at 11.

Here, the jury, as fact-finder, assessed the credibility of all witnesses and considered the evidence produced at trial. The jury was free to believe all, part or none of the evidence. *Giordano*, *supra* at 1003. Martin clearly and consistently stated that when he came upon the vehicle, the engine was on, the car was in drive, and Hoffer's foot was on the brake. N.T. Trial, 7/6/18, at 5-8. The photographic evidence also showed that the car was in a suspect position on the road, which supports the inference that Hoffer was driving and, further, demonstrates that he had actual physical control of the vehicle. *Id.* at 11; *see Brotherson*, *supra* at 905. Finally, both parties stipulated that Hoffer's blood contained morphine[3] and amphetamine,[4] a combination of Schedule II drugs, which impaired Hoffer's ability to be in actual physical control of the vehicle. 75 Pa.C.S.A. § 3802(d)(1)(ii); 75 Pa.C.S.A. § 3802(d)(2).

Based on the foregoing evidence, as well as the reasonable inferences derived therefrom, the jury could have found Hoffer guilty on both counts of driving under the influence of a controlled substance. *Giordano*, *supra*. Accordingly, he is entitled to no relief.

---

[3] 35 P.S. § 780-104(2)(i)(1).

[4] 35 P.S. § 780-104(2)(iii)(1).

Hoffer next claims that the verdict was contrary to the weight of the evidence.

We evaluate Hoffer's weight claim under the following standard:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well[-]settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the evidence, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Here, Hoffer contends the jury's verdict was against the weight of the evidence because "[t]he [c]ourt should have given less weight to Martin's testimony because Martin could not recall how he turned off the car engine, and never recovered a key or key fob which would have been needed to turn off the engine." Appellant's Brief, at 12. Hoffer also claims that the court "should have given more weight to the testimony of Bossler[,] who testified that Hoffer never had a key to the car[,] and Blauch[,] who testified that the car's engine was not running when he found Hoffer passed out in the white sedan." *Id.*

We reiterate that it is within the sole discretion of the jury to assess the credibility of the evidence at trial. Here, the Commonwealth presented the testimony of Martin and Officer Bowman, along with photographs of the scene to corroborate their testimony. The jury resolved the conflicts in testimony, and found that the Commonwealth's witnesses were more credible than those of the defense. The jury was free to believe all, part, or none of the evidence; thus, we find no palpable abuse of discretion. **Houser**, **supra**; **see also Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) ("Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence."). The trial court did not abuse its discretion in finding the verdict was not against the weight of the evidence. **Houser, supra.**

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2019